The JACKSON STATE BANK, a Wyoming banking corporation, Plaintiff,

and

Maurice E. Miles, Plaintiff–Appellant,

v.

Floyd R. KING, Defendant–Appellee.

No. 89–8099.

United States Court of Appeals, Tenth Circuit.

April 23, 1993.

Patrick M. Hunter, Casper, WY, for plaintiff-appellant.

Terry W. Mackey of Terry W. Mackey, P.C., Cheyenne, WY, for defendant-appellee.

Before LOGAN and TACHA, Circuit Judges, and GREENE,* District Judge.

TACHA, Circuit Judge.

Plaintiff Maurice E. Miles appeals from a judgment entered following a jury trial in this legal malpractice action. In Miles' complaint, the malpractice allegations were broken down into separate claims for breach of fiduciary duty, breach of contract, and negligence. All three claims went to the jury. The jury returned a verdict assessing fault at thirty-five percent for Miles and defendant King, respectively, and thirty percent to a third party. The district court then entered judgment for King based on its determination that Wyoming's comparative negligence statute, Wyo.Stat. § 1–1–109, barred recovery on all three claims. Miles appeals that

* Honorable J. Thomas Greene, District Judge, United States District Court for the District of Utah, sitting by designation.

ruling, as well as the district court's order granting summary judgment on his claim that King committed malpractice through his failure to assert a statute of frauds defense. We reverse and remand for further proceedings.

Upon our initial review of this matter, we certified the following questions to the Wyoming Supreme Court pursuant to Wyo. R.App.P. 11.01:

A. Does Wyoming's comparative negligence statute, Wyo.Stat. § 1–1–109(a) (1977), bar plaintiff's recovery in a legal malpractice action based on claims for breach of contract and breach of fiduciary duty when the jury apportions fault in the following manner: plaintiff, thirty-five percent; defendant, thirty-five percent; and a third party, thirty percent?

B. If the comparative negligence statute does not bar recovery on these claims, does it or some other principle of Wyoming law require that plaintiff's recovery be reduced by his percentage of fault?

The Wyoming Supreme Court has now answered both questions in the negative. *Jackson State Bank v. King*, 844 P.2d 1093, 1094 (Wyo.1993). We address the issues presented in light of those answers.

The district court determined the legal malpractice action was, in essence, an action alleging negligence on the part of an attorney. Consequently, all three claims, regardless of their literal form, were treated as tort claims. The jury was instructed that each claim required, as an essential element, a showing that a duty of care was breached. Based on these assumptions regarding the nature of the cause of action, the court applied the comparative fault statute to all the claims.[1] Because the jury found the plaintiff and defendant equally at fault, the district court barred recovery. *See Board of County Comm'rs v. Ridenour*, 623 P.2d 1174, 1181–84 (Wyo.1981) (adopting "Wisconsin Rule").

The Wyoming Supreme Court has now made it clear that application of the comparative negligence statute, under these circumstances, was incorrect. *See King*, 844 P.2d at 1094. The decision states, "[w]e agree with Miles that the cause of action in a legal malpractice claim is contractual in nature and that § 1–1–109 is not applicable based upon its clear and unambiguous language." The court held that Wyoming's comparative negligence statute does not bar recovery in a legal malpractice case, "which necessarily is based on claims for breach of contract and breach of fiduciary duty." *Id.* at 1095.

This pronouncement of law alters the legal theories applicable to Miles' causes of action. This case was tried and instructed under the assumption that the comparative negligence statute applied. The answers to the certified questions make clear that this assumption was incorrect. Therefore, the only question remaining is the proper resolution of this appeal in light of the Wyoming court's opinion.

Miles asks us to remand the case for an immediate award of damages and assessment of prejudgment interest. We decline this invitation. Recently, this court examined the proper approach in cases where, as here, a state court announces a new rule of law on certification following a jury trial.

Because of the timing of the certification in this case, a new trial is necessary because "[w]e can only speculate as to the effect [of an instruction correctly stating the law] on the answers to the [verdict] interrogatories." Here, ... "it is clear that the jury was not, as it should have been, fully and correctly instructed on the applicable law of the case." We hold that, in this particular case, it would be manifestly unjust to assume in any way what the jury would have done had it been correctly instructed and not misled regarding the effect on the judgment of its answers to the special interrogatories. We therefore decline to

---

1. The relevant portion of the statute then in effect stated:

Contributory negligence shall not bar a recovery in an action by any person or his legal representative to recover damages for negligence resulting in death or in injury ... if the contributory negligence was not as great as the negligence of the person against whom recovery is sought. Any damages allowed shall be diminished in proportion to the amount of negligence attributed to the person recovering. Wyo.Stat. § 1–1–109(a) (1977).

adjust the damages for which Defendant is liable in accordance with some speculative theory of apportionment on the various causes of action, and we remand this case for a new trial.

*Phillips v. Duro–Last Roofing, Inc.,* 973 F.2d 869, 871 (10th Cir.1992) (citations omitted). We agree with King that the same result is required here. There is no way to discern from the jury's answers to the special interrogatories whether the damages were calculated properly. In light of the fundamental nature and effect of the Wyoming Supreme Court's answers to the certified questions, a new trial is proper on these claims. We likewise remand the summary judgment issue, as it is inextricably entwined with the other matters presented.

The judgment of the United States District Court for the District of Wyoming is REVERSED and REMANDED for further proceedings consistent with this opinion.