**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 20 1997**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

EDWARD J. FINLEY,

      Plaintiff and Counterclaim
      Defendant,

v.

UNITED STATES OF AMERICA,

      Defendant and Counterclaim
      Plaintiff-Appellee,

FLOYD JOHNSON,

      Counterclaim Defendant-
      Appellant.

No. 95-3108

---

**ON REHEARING EN BANC**

---

**Appeal from the United States District Court**
**for the District of Kansas**
**(D.C. No. 91-1361-MLB)**

---

Ernest J. Brown (Loretta C. Argrett, Charles E. Brookhart, and Roger E. Cole,
Department of Justice, and Of Counsel, Randall K. Rathbun, Office of the United
States Attorney, with him on the briefs), Department of Justice, Washington,
D.C., for Defendant and Counterclaim Plaintiff-Appellee.

Joseph E. McKinney (Arthur E. Palmer with him on the briefs) of Goodell,
Stratton, Edmonds & Palmer, L.L.P., Topeka, Kansas, for Counterclaim
Defendant-Appellant.

Before **SEYMOUR, PORFILIO, ANDERSON, TACHA, BALDOCK, BRORBY, EBEL, KELLY, HENRY, BRISCOE, LUCERO** and **MURPHY**, Circuit Judges.

**BRORBY**, Circuit Judge.

We reheard this appeal en banc to address the following question:

Under 26 U.S.C. § 6672, if a responsible person fails to investigate or correct mismanagement after learning of a withholding tax delinquency, must his conduct be found reckless and therefore willful as a matter of law, or, in the alternative, should the jury, in the view of all relevant evidence, be entitled to find the responsible person did not act recklessly?

We hold "willful" conduct as defined in the context of 26 U.S.C. § 6672 (1994 & Supp. 1977) can be negated by a showing the responsible person had reasonable cause for failing to pay withholding taxes held in trust for the government. Such conclusion appropriately avoids a "strict liability" interpretation of § 6672 and preserves a role for the jury, as fact finder, to determine whether, in the view of all relevant evidence, a responsible person "willfully" failed to pay employee withholding taxes.

## OPERATIVE FACTS AND PRIOR DISPOSITION[1]

Appellant, Mr. Floyd Johnson, was president and a member of the board of directors of Halsey-Tevis, Inc. ("Halsey-Tevis"), a struggling corporation engaged in the interior construction business. In late October 1988, Mr. Johnson learned from board member and secretary-treasurer, Mr. Edward Finley, that Halsey-Tevis was delinquent in paying federal social security and income taxes withheld from employee wages during the third and fourth quarters of 1988. Upon learning of the delinquency, Mr. Johnson told Mr. Finley, "[t]hey have to be paid." Mr. Finley responded that partial payments were coming in; he gave no indication he would not comply with Mr. Johnson's directive to pay the taxes. Mr. Johnson made no further inquiry and took no further action regarding the unpaid withholding taxes even though he had authority to sign company checks and, at that time, Halsey-Tevis had access to funds that could have been used to make at least partial payment to the government.

The full extent of Halsey-Tevis' financial woes became evident a short time later when Mr. Finley completed the company's quarterly financial statement for

---

[1] We present here only those facts relevant to the en banc question. A complete recitation of facts is found in *Finley v. United States*, 82 F.3d 966, 968-70 (10th Cir. 1996).

the period ending September 30, 1988. On November 7, 1988, Mr. Finley contacted First National Bank in Wichita -- the bank at which Halsey-Tevis maintained its general checking and payroll accounts and that provided Halsey-Tevis a line of credit from which the company could borrow operating funds based on its accounts receivable -- to explain the newly completed quarterly statement. After reviewing the statement, the bank called a meeting of the Halsey-Tevis officers for the next day. On the morning of November 8, Mr. Finley, Mr. Johnson and another Halsey-Tevis officer, Mr. Brian McCann, met to discuss the company's financial problems prior to meeting with the bankers. It was at this meeting Mr. Johnson learned Mr. Finley had not remedied the withholding tax delinquency. Prior to meeting with the bankers, Mr. Johnson, Mr. Finley and Mr. McCann went to the local Small Business Administration office to try and secure a loan that would allow them to pay the withholding taxes. The Small Business Administration told the Halsey-Tevis officers they would have to go through a bank. Later that same day, First National Bank froze Halsey-Tevis' accounts. Thereafter, Halsey-Tevis could not pay any bills without the bank's prior approval.

On November 14, 1988, Mr. Johnson and Mr. Finley delivered about $105,000 in collections to the bank and asked bank officials to apply the deposit

to the withholding tax balance.  The bank refused and instead applied the deposit to Halsey-Tevis' loan indebtedness.  Bank officials told Mr. Johnson and Mr. Finley they would "take care of the taxes later."

In July 1991, the Internal Revenue Service notified Mr. Johnson he was being assessed a $144,876.48 penalty under 26 U.S.C. § 6672.  The government's claim against Mr. Johnson proceeded to a jury trial in 1994 on the sole issue of whether he acted willfully within the context of § 6672.  When asked whether Mr. Johnson had "shown, by a preponderance of the evidence that he did not willfully fail to pay over to the United States any of the taxes withheld from the wages of Halsey-Tevis, Inc.'s employees," the jury responded "YES."  This verdict was not allowed to stand, however.  The district court granted the government's post-trial motion for a judgment as a matter of law under Fed. R. Civ. P. 50(b), concluding "a reasonable jury could not have found that [Mr.] Johnson met his burden of proof."  Applying *Denbo v. United States*, 988 F.2d 1029 (10th Cir. 1993), a panel of this court affirmed the district court's decision to set aside the jury verdict. *Finley*, 82 F.3d at 972-74.

**WILLFULNESS UNDER 26 U.S.C. § 6672:  A Question of Fact or A Matter of Law?**

The Internal Revenue Code requires employers to withhold federal social security and income taxes from their employees' wages and then pay those taxes over to the government.  26 U.S.C. §§ 3102(a), 3402(a), 3403 (1994 & Supp. 1997).  The funds withheld from employee wages do not belong to the employer/corporation; they are funds held by the employer in trust for the government.  26 U.S.C. § 7501(a) (1994).  A corporate officer or employee who fails to remit such taxes to the government may be personally liable for penalties pursuant to 26 U.S.C. § 6672(a), which provides:

> Any person required to collect, truthfully account for, and pay over any tax imposed by this title who *willfully* fails to collect such tax, or truthfully account for and pay over such tax, or *willfully* attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

(Emphasis added.)

It is well-settled § 6672 liability does not depend on the presence of a bad motive or the specific intent to defraud the government -- elements associated with criminal liability.  *Burden v. United States*, 486 F.2d 302, 304 (10th Cir. 1973), *cert. denied*, 416 U.S. 904 (1974); *Bowen v. United States*, 836 F.2d 965, 967-68 (5th Cir. 1988); *Bloom v. United States*, 272 F.2d 215, 223-24 (9th Cir.

1959), *cert. denied*, 363 U.S. 803 (1960). Rather "willfulness" for purposes of imposing civil liability under § 6672 is

> a "voluntary, conscious and intentional decision to prefer other creditors over the Government...." Although negligence does not give rise to section 6672 liability, "' the willfulness requirement is ... met if the responsible officer shows a "reckless disregard of a known or obvious risk that trust funds may not be remitted to the government....""" A responsible person's failure to investigate or to correct mismanagement after being notified that withholding taxes have not been paid satisfies the section 6672 willfulness requirement.

*Denbo*, 988 F.2d at 1033 (citations omitted). The question posed in this en banc appeal is whether evidence satisfying the *Denbo* definition alone is sufficient to impose liability under § 6672, as a matter of law, or whether there remains some role for a jury to determine, in view of all relevant evidence, that a responsible person did not act willfully and therefore cannot be held liable for a corporation's unpaid withholding taxes.

The government responds to this question by citing us to case law from this circuit and others that holds a responsible person who has knowledge of unpaid taxes and thereafter personally pays or directs the payment of claims of other creditors, or fails to take appropriate steps to ensure the taxes are paid (*e.g.*, fails to investigate the matter or correct mismanagement), is willful as a matter of law. According to the government, to stray from this precedent "would largely emasculate Section 6672 and provide a blueprint for the avoidance of personal

-7-

liability for those persons responsible for the failure to pay over trust fund taxes due the United States."

We are fully aware of the precedent whereby courts have seized on the notion that certain factual paradigms establish willfulness as a matter of law, even though the facts do not involve an intentional failure to pay over withholding taxes to the government. A responsible person's failure to investigate the problem or correct mismanagement after receiving actual notice of a withholding tax delinquency represents the factual paradigm applied in this case. *Finley*, 82 F.3d at 973; *see also, Denbo*, 988 F.2d at 1033-34. Reliance upon the representation of someone in control of company finances that withholding taxes will be paid after learning that such taxes are delinquent, and when it is known that the person making the statements is unreliable and has inadequately performed his financial responsibilities in the past, represents another paradigm used to impose liability under § 6672 as a matter of law. The payment of other bills with knowledge that the business is in financial trouble, but failing to reasonably inquire whether money would be available to pay withholding taxes when they become due is yet another paradigm courts have applied. *See Thomsen v. United States*, 887 F.2d 12, 18-19 (1st Cir. 1989) (summarizing the "distinctive fact patterns from which to infer a reckless disregard sufficient to demonstrate willfulness as a matter of

law under section 6672" (quoting *I.R.S. v. Blais*, 612 F. Supp. 700, 710 (D. Mass. 1985))). These paradigms obviously create an expansive web of liability "as a matter of law" and significantly ease the government's burden under Fed. R. Civ. P. 50(b). Thus, it is easy to understand why the government relies so heavily on existing precedent. The en banc question, however, reflects our concern whether this web of case law leaves any role for the jury to determine willfulness. The government's mere reliance on existing precedent does not answer that question.

Mr. Johnson attempts to escape the web by arguing the relevant facts in his case are distinct from (not as egregious as) the relevant facts in cases where courts have applied the "failure to investigate or correct mismanagement" paradigm. In the alternative, Mr. Johnson urges us to reject a rigid application of that paradigm, as such an application would announce "a standard of virtual strict liability" contrary to the plain language of the statute. Using either approach to back away from the "failure to investigate or correct mismanagement" paradigm, Mr. Johnson then asserts there is substantial evidence to support the jury's verdict he did not willfully fail to pay Halsey-Tevis' federal withholding taxes.

We agree with Mr. Johnson that certain factual distinctions exist between existing precedent and this case. However, the factual paradigms identified as

standards for determining willfulness as a matter of law are quite broad.  The vast majority of cases leave no room for a taxpayer to meaningfully distinguish his case before a jury based on the relative degree of willfulness or the presence of extenuating circumstances.

Indeed, in defining those circumstances that constitute willfulness as a matter of law, many of our sister circuits have considered and expressly rejected the possibility that a responsible person's breach of duty to pay withholding taxes might be excused by a "reasonable cause" or "justifiable excuse."[2]  *See, e.g., Harrington v. United States*, 504 F.2d 1306, 1316 (1st Cir. 1974); *Pacific Natal Ins. Co. v. United States*, 422 F.2d 26, 33 & n.19 (9th Cir.), *cert. denied*, 398 U.S. 937 (1970); *Monday v. United States*, 421 F.2d 1210, 1216 (7th Cir.), *cert. denied*, 400 U.S. 821 (1970); *c.f. Bowen*, 836 F.2d at 968 (although the Fifth Circuit has recognized conceptually that a reasonable cause may negate a finding of willfulness, "no taxpayer has yet carried that pail up the hill.").  The main

---

[2]  The Tenth Circuit has never squarely addressed this issue.  A three-judge panel in *Muck v. United States*, 3 F.3d 1378, 1382 (10th Cir. 1993), stated, in dicta, a reasonable cause "defense to liability under § 6672 ... appears inconsistent with this circuit's insistence that (bad) motive is not a pertinent inquiry under § 6672."  Ultimately, however, the panel determined "[e]ven if [a reasonable cause] exception were recognized by this circuit, it would not apply" under the circumstances in *Muck*.  *Id.* at 1382.

reasons given for rejecting the possibility that willfulness can be negated by a showing of reasonable cause are: (1) a liability standard which does not incorporate reasonable cause will better further the primary purpose of the statute to protect government revenue, (2) defining willfully to include a lack of reasonable cause may inappropriately inject the notions of bad motive or evil purpose applicable to the criminal definition of willful into the civil definition of willful, and (3) the consideration of reasonable cause may invite consideration of irrelevant elements such as a business' financial condition or creditors' demands. *Harrington*, 504 F.2d at 1316; *Monday*, 421 F.2d at 1216. At least one court also has noted "that while 'reasonable cause' is an element of other sections of the [internal revenue code], it is not made so in Section 6672." *Harrington*, 504 F.2d at 1316.

We appreciate the government's reliance on 26 U.S.C. § 6672 to collect withholding tax revenues from responsible individuals after a business entity becomes insolvent. And we understand the corresponding importance of construing § 6672 in a manner to protect government revenue. *See Slodov v. United States*, 436 U.S. 238, 243-45 (1978); *Bowlen v. United States*, 956 F.2d 723, 726 (7th Cir. 1992). Accordingly, we agree with the notions that "willful" conduct under § 6672 is not the same as "willful" conduct in the criminal context,

and that certain facts are irrelevant to the determination of whether a responsible person willfully failed to pay withholding taxes. Nevertheless, like Mr. Johnson, we are troubled by the possibility the courts have transformed 26 U.S.C. § 6672 into a strict liability statute, outside the jury's realm, by (1) broadly defining the most likely fact scenarios leading to a failure to pay withholding taxes as "willful" conduct as a matter of law, and (2) closing the door on any opportunity for a responsible person to distinguish his case from those factual scenarios, or paradigms (*i.e.*, demonstrate reasonable cause for failure to pay). As "'[m]aintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence,'" it is our duty to carefully scrutinize any apparent curtailment of that function.[3] *Beacon Theatres,*

---

[3] We note a number of courts have expressed discomfort with their application of binding § 6672 precedent. *See Finley*, 82 F.3d at 974 ("We are not oblivious to what one court has called 'the Draconian enforcement power which the IRS has under the precedent,' but it is our job to apply the law as it is.") (quoting *Phillips v. I.R.S.*, 73 F.3d 939, 943 (9th Cir. 1996)); *Buffalow v. United States*, 109 F.3d 570, 575 (9th Cir. 1997) (in upholding summary judgment against taxpayer who, in an attempt to rescue his company, paid other creditors before he paid delinquent withholding taxes, court commented "we must once again embrace the result of a 'responsible person' case with velleity"); *Williams v. United States*, 931 F.2d 805, 811 (11th Cir. 1991) ("The seeds of common sense compassion sown by the jury find scant hospitality on this rock hard legal landscape."); *Arnett v. United States*, 927 F. Supp. 1464, 1471-72 (D. Kan. 1996) (constrained by *Finley* and *Denbo*, court was "reluctantly compelled" to conclude taxpayer willfully failed to pay over federal employment taxes); *Fowler v. United States*, 820 F. Supp. 1390, 1395 n.2 (D. Wyo. 1993) ("Section 6672 is not a strict liability statute, although after reviewing the case law, one might believe otherwise."). None, however, has taken the step we take today to scrutinize the

*Inc. v. Westover*, 359 U.S. 500, 501 (1959) (quoting *Dimick v. Schiedt*, 293 U.S. 474, 486 (1935)).

Our scrutiny begins with the plain statutory language of 26 U.S.C. § 6672. "Absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive." *Consumer Product Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108 (1980). If possible, we also must construe § 6672 in such a manner that every word has some operative effect. *United States v. Nordic Village, Inc.*, 503 U.S. 30, 36 (1992). Our focus in this case is on the word "willfully," which Congress expressly included as an element of liability under § 6672.

Although the precise definition of "willful" varies somewhat depending on its context, *Screws v. United States*, 325 U.S. 91, 101 (1945), one thing is certain: in any context, the word "willfully" denotes a "conscious motion of the will," Black's Law Dictionary 1434 (5th ed. 1979), or "mental faculty" giving rise to a particular course of action. Webster's II New Riverside University Dictionary (1988). In this context, then, an inquiry whether a responsible person "willfully"

---

impact of existing precedent on the jury's role in determining willfulness as contemplated by the plain language of § 6672.

failed to pay withholding taxes is "'necessarily directed to the state of the responsible person's mind,'" *Thibodeau v. United States*, 828 F.2d 1499, 1505 (11th Cir. 1987) (quoting *Mazo v. United States*, 591 F.2d 1151, 1157 (5th Cir.), *cert. denied*, 444 U.S. 842 (1979)), and therefore is properly characterized as an issue of scienter -- "the quintessential jury issue." *Turpin v. United States*, 970 F.2d 1344, 1350 (4th Cir. 1992) (court upheld jury verdict in favor of taxpayer, concluding sufficient evidence existed for jury reasonably to conclude taxpayer neither knew of nor recklessly disregarded withholding tax delinquency). To deprive a jury of the opportunity to fully evaluate the conscious motions supporting a responsible person's conduct would be to deprive the word "willfully" of its operative effect. Thus, even in the absence of an express reasonable cause element, Congress must have contemplated that in most cases a jury would be permitted to determine whether a responsible person willfully failed to pay withholding taxes based on the totality of circumstances and evidence.[4]

Our review of existing § 6672 case law leads us to conclude courts too often have extended § 6672 liability beyond this plain statutory language and

---

[4] If, in fact, Congress desires § 6672 to impose strict liability on responsible persons, then Congress is the appropriate branch to establish such policy, not the courts.

impermissibly encroached upon the role of the jury as fact-finder by utilizing broad factual paradigms to impose liability as a matter of law notwithstanding the possibility that a taxpayer presented convincing evidence of extenuating circumstances relevant to his state of mind. We view this case as an opportunity to rectify that problem in the Tenth Circuit, and have given much thought as to how to accomplish the dual objectives of protecting government revenue and preserving the fact-finding function of the jury as required by the plain language of § 6672.

We could, as Mr. Johnson suggests, reject the rigid application of the "failure to investigate or correct mismanagement" paradigm to impose liability as a matter of law. Alternatively, we could adopt the concurring Judges' approach and characterize the issue as whether there is substantial evidence to support the jury verdict. *See also Turpin*, 970 F.2d at 1347. Either approach could be used to salvage the jury verdict in Mr. Johnson's favor. However, neither can be fully squared with precedent imposing liability as a matter of law, and thereby taking the issue of liability away from the jury, whenever the undisputed facts establish (1) a responsible person, (2) had knowledge of a withholding tax delinquency, and (3) failed to personally fulfill his duty to ensure payment of the delinquent taxes with any available, unencumbered funds prior to paying any other creditors. *See*

*Denbo*, 988 F.2d at 1033-34; *Mazo*, 591 F.2d at 1156. We believe the better way to protect government revenue and preserve a role for the jury in this case and others without undermining existing precedent is to continue to apply the established paradigms to identify willful conduct as a matter of law, yet expressly recognize a reasonable cause exception to the application of those paradigms. In this way the courts can continue to hold responsible persons' feet to the fire, yet provide those same individuals a delimited opportunity to demonstrate to a jury there was reasonable cause sufficient to excuse the failure to pay the withholding taxes they held in trust for the government.

Having recognized the reasonable cause exception, we must now take the further step of defining what elements are necessary to demonstrate "reasonable cause," as the jury's role properly is limited to determining whether those elements are present in a given case. *See, e.g., Rykoff v. United States*, 40 F.3d 305, 307-08 (9th Cir. 1994); *Hatfried, Inc. v. Commissioner of Internal Revenue*, 162 F.2d 628, 635 (3d Cir. 1947).

We begin our analysis of what constitutes reasonable cause sufficient to avoid withholding tax liability under § 6672 by distinguishing this situation from those cases, statutes and regulations which address what constitutes reasonable

cause sufficient to avoid liability for income tax penalties. Unlike the penalties assessed for failure to file income tax returns, penalties imposed by § 6672 are not civil fines assessed in addition to the amount of the delinquent tax. Section 6672 is simply a means to insure payment to the government of the withholding taxes owed. Thus, § 6672 penalties reflect only that amount of tax already collected or deducted by an employer and for which the employees have already received credit in their individual income tax returns. Since § 6672 does not raise a concern regarding the protection of a taxpayer from harsh, additional penalties imposed for purposes of punishment and deterrence, it would be inappropriate to adopt a lenient reasonable cause standard like that applied to income tax penalties, i.e. ordinary business care and prudence. *See Eastern Inv. Corp. v. United States*, 49 F.3d 651, 655 (10th Cir. 1995); *Sanders v. Commissioner of Internal Revenue Serv.*, 225 F.2d 629, 636-37 (10th Cir. 1955), *cert. denied*, 350 U.S. 967 (1956). Instead, we must narrowly construe the "reasonable cause" exception to § 6672 liability in order to (1) further the basic purpose of § 6672 to protect government revenue, (2) discourage corporations from self-executing government loans using the tax monies they hold in trust, and (3) avoid making the government "an unwilling partner in a floundering business." *See Collins v. United States*, 848 F.2d 740, 741-42 (6th Cir. 1988); *Thibodeau*, 828 F.2d at 1506; *Newsome v. United States*, 431 F.2d 742, 747 (5th Cir. 1970).

We therefore conclude reasonable cause sufficient to excuse a responsible person's failure to pay withholding taxes should be limited to those circumstances where (1) the taxpayer has made reasonable efforts to protect the trust funds, but (2) those efforts have been frustrated by circumstances outside the taxpayer's control. By so limiting the elements of reasonable cause in the § 6672 context we avoid the temptation to inject notions of evil motive, bad faith or other improper factors into the determination of willfulness, and maintain the ability to zealously protect government revenue via the application of certain factual paradigms widely-recognized and accepted as "willful conduct." Yet, consistent with the plain language of § 6672, this approach preserves a role for the jury to determine whether, based on *all* relevant evidence in a particular case, the responsible taxpayer's conduct reflects the requisite scienter.[5]

## NEW TRIAL: Did Mr. Johnson Have Reasonable Cause?

The only issue tried to the jury was whether Mr. Johnson acted willfully in failing to pay over Halsey-Tevis' delinquent withholding taxes to the federal government. The jury was instructed (1) Mr. Johnson contended he did not

---

[5] We note this result also is in line with the government's concession during oral argument that § 6672 imposes an element of scienter, the evaluation of which is dependent upon all the facts in a given case, including those indicating a reasonable cause for the responsible person's failure to pay.

willfully fail to pay the taxes, (2) when Mr. Johnson learned the withholding taxes had not been paid, he directed Mr. Finley to pay the taxes, and (3) when he learned Mr. Finley had not done so, there were no unencumbered corporate funds with which to pay the taxes. The jury was further instructed the United States denied Mr. Johnson's contention and Mr. Johnson bore the burden of proof. The parties defined "willfully," in relevant part, as

> a voluntary, conscious and intentional decision to prefer other creditors over the government. Willfulness is present whenever a responsible person acts or fails to act consciously and voluntarily and with knowledge or intent that as a result of his action or inaction trust funds belonging to the government will not be paid over but will be used for other purposes.

In addition, the jury was told

> [t]o be willful, the payment to other creditors by means of unencumbered funds must be done either (1) with knowledge that trust funds had not been paid over, or; (2) with reckless disregard for whether they had been paid. If a responsible person has knowledge of circumstances which would give a person in his position reason to believe that withholding taxes may not have been paid over because of mismanagement or of problems in paying over withholding taxes, his failure to investigate and determine if the funds have been paid over is reckless disregard and constitutes a willful failure to pay over these funds.

> Having been so instructed, the jury then was asked to answer the following

interrogatory:

> Has the plaintiff, Floyd Johnson, shown by a preponderance of the evidence that he did not willfully fail to pay over to the United States any of the taxes withheld from the wages of Halsey-Tevis, Inc.'s employees. (Circle the appropriate answer.)

-19-

The jury circled "YES."

The instructions and verdict reveal the jury never was asked to determine whether Mr. Johnson had reasonable cause sufficient to excuse his failure to pay Halsey-Tevis' withholding taxes. Rather, it appears this case was tried and instructed under the assumption this circuit would not recognize a reasonable cause exception to conduct otherwise deemed "willful" under existing § 6672 precedent. Our decision today makes clear that assumption was incorrect.

The question remains, then, how to properly resolve this appeal. We can uphold the government's judgment as a matter of law only if Mr. Johnson was fully heard on the issue of willfulness and, construing the evidence and inferences in Mr. Johnson's favor, we can find no legally sufficient evidentiary basis for a reasonable jury to find his conduct was not willful. *Mitchell v. Maynard*, 80 F.3d 1433, 1438 (10th Cir. 1996); Fed. R. Civ. P. 50(a)(1). Applying the § 6672 analysis we embrace today, Mr. Johnson should have had an opportunity to prove, and the jury should have determined, whether there was sufficient evidence to establish Mr. Johnson had a reasonable cause for his failure to pay Halsey-Tevis' withholding taxes. This did not occur. We can only speculate from the present record as to why the jury found in Mr. Johnson's favor; there simply is no way to discern how the jury would decide the issue of reasonable cause. Consequently,

-20-

we are not in a position to uphold the judgment as a matter of law. Neither can we reinstate the jury verdict. Under these circumstances, the interests of justice demand we grant a new trial. *Neely v. Martin K. Eby Construction Co.*, 386 U.S. 317, 329 (1967) (court of appeals may order a new trial based on factors encountered in its own review of the case); *Derr v. Safeway Stores, Inc.*, 404 F.2d 634, 639-40 (10th Cir. 1968) (court of appeals may grant new trial if jury verdict is not reinstated); *c.f. Jackson State Bank v. King*, 992 F.2d 256, 257-58 (10th Cir. 1993) (new trial required after state court announced a new rule of law on certification and no way to discern from jury's answers to special interrogatories how it would have decided the issue if properly instructed).

Accordingly, we **REVERSE** the district court's Rule 50(b) order, **VACATE** the jury verdict and **REMAND** this case to the district court for further proceedings consistent with this opinion.

No. 95-3108, Edward J. Finley v. United States of America.

KELLY, Circuit Judge, concurring in part and dissenting in part, with whom SEYMOUR, Chief Judge, joins.

I concur with the court that the willfulness inquiry under I.R.C. § 6672 and Treas. Reg. § 301.6672-1 requires consideration of relevant evidence pertaining to intent, including whether a responsible person fails to investigate or correct mismanagement after learning of nonpayment of trust fund taxes. In my view, this case turns on whether sufficient evidence supports the jury's verdict that Mr. Johnson did not act willfully when the evidence is viewed in the light most favorable to him. See Turpin v. United States, 970 F.2d 1344, 1347 (4th Cir. 1992). Because a jury is entitled to consider the nature, extent and timing of a responsible person's nonpayment in deciding willfulness, I would hold that sufficient evidence supports the jury's verdict and would remand the case to the district court to vacate its judgment, reinstate the jury verdict, and enter judgment in favor of Mr. Johnson. I would not reach the issue of whether a "reasonable cause" exception applies, nor would I define its parameters.

The principles in our prior cases must be read in conjunction with the procedural posture of the case, specifically, application of the law to undisputed facts on summary judgment, Muck v. United States, 3 F.3d 1378, 1380 (10th Cir.

1993) or affirming a judge or jury's finding of willfulness while viewing the evidence in the light most favorable to the result, Denbo v. United States, 988 F.2d 1029, 1033-34 (10th Cir. 1993) (jury verdict); Burden v. United States, 486 F.2d 302, 304 (10th Cir. 1973) (district court finding), cert. denied, 416 U.S. 904 (1974). Where we have reversed a district court's finding of a lack of willfulness in the § 6672 context, the responsible person knew the taxes were unpaid, yet continued to operate and liquidate the business over a substantial period of time. Bradshaw v. United States, 83 F.3d 1175, 1186 (10th Cir. 1995), cert. denied, 117 S. Ct. 296 (1996). In Bradshaw, we rejected a contention that allowing a bank authority over disbursements vitiated willfulness. Id. at 1183-86.

Whether Mr. Johnson acted "willfully" under § 6672 is a factual matter. Id. at 1182-83; Taylor v. I.R.S., 69 F.3d 411, 417 (10th Cir. 1995). One way to prove willfulness is to show that a responsible person acted with reckless disregard of a known or obvious risk that trust funds may not be paid over to the government. Bradshaw, 83 F.3d at 1183; Denbo, 988 F.2d at 1033. Under this theory, we have held that "[a] responsible person's failure to investigate or to correct mismanagement after being notified that withholding taxes have not been paid satisfies the section 6672 willfulness requirement." Bradshaw, 83 F.3d at 1183. At the same time, negligence is insufficient to result in § 6672 liability. Bradshaw, 83 F.3d at 1183; Denbo, 988 F.2d at 1033.

The evidence in this case does not compel a finding of willfulness, i.e., that Mr. Johnson knowingly preferred other creditors to the government with unencumbered funds totaling $95,000. Mr. Johnson learned of the delinquent trust fund taxes in late October 1988 from Mr. Finley, discussed sources of funds, and then directed that they be paid. Other than the fact of the unpaid taxes, Mr. Johnson had no reason to view Mr. Finley as unreliable; he was unaware of Mr. Finley's scheme to conceal unpaid trust fund taxes. See Finley v. United States, 82 F.3d 966, 969 (10th Cir. 1996). Even assuming that the unpaid taxes were evidence of mismanagement, a reasonable jury could conclude that Mr. Johnson took appropriate steps to correct it under the circumstances by discussing available sources of funds and directing that the taxes be paid.

Not until November 8, 1988, did Mr. Johnson learn of the failure to correct the problem. At this point, however, the company's arrangement with the bank underwent substantial change. The government does not argue that subsequent cash receipts delivered to the bank pursuant to this arrangement (including $105,000 that Mr. Johnson and Mr. Finley requested be applied to trust fund taxes) constitute unencumbered funds that should have been applied to payment of trust fund taxes. See United States v. Kim, 111 F.3d 1351, 1358-61 (7th Cir. 1997); Honey v. United States, 963 F.2d 1083, 1089-90 (8th Cir.), cert. denied,

506 U.S. 1028 (1992). Thus, at issue in this case are Mr. Johnson's actions from late October 1988 until November 8, 1988.

> According to the government,
>
> once a responsible officer becomes aware that trust fund taxes due the United States have not been paid, it is incumbent upon such person to take appropriate steps to ensure that the taxes are paid and that, if he fails to do so, e.g., fails to investigate the matter or correct mismanagement, his failure to act constitutes, as a matter of law, a reckless disregard of the known risk that the taxes owed the Government might not be paid.

Aplee. Supp. Br. On Reh'g En Banc at 8. I agree that investigating the matter or correcting mismanagement are exemplary but not exclusive and that the focus must be on taking appropriate steps given the situation. Here, Mr. Johnson did act. Whether a responsible person has taken appropriate steps, and consequently not acted with scienter, cannot be dependent solely upon whether the investigation or correction of mismanagement ensured that the taxes were paid; otherwise, there would be strict liability in every nonpayment case. A much more reasonable construction of the statute allows the jury to consider the facts and circumstances surrounding the nonpayment, including (1) Mr. Johnson's lack of sophistication, (2) that Mr. Finley hid from him the company's financial problems and led him to believe the company was doing better than it actually was, (3) that Mr. Johnson wanted the taxes paid and took steps to accomplish that goal, including (a) delivery of $105,000 to the bank for that purpose, and (b) actual payment of unencumbered funds, and (4) that the time period in which the government claims

-4-

Mr. Johnson's conduct amounted to recklessness was no more than a couple of weeks and possibly as short as one week. Though the statute is harsh, surely it was not intended to replace a subjective evaluation of willfulness with a formulaic objective standard. While any one of these factors might not be sufficient to avoid a willfulness determination, the trier of fact should be allowed to consider them and determine whether the nonpayment conduct was willful.