**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 30 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

TERENCE M. GARRETT, Ph.D.,

Plaintiff-Appellee,

v.

JOE ANNA HIBLER, Ed.D., in her
individual capacity; THE STATE OF
OKLAHOMA, ex rel. THE BOARD
OF REGENTS FOR OKLAHOMA
COLLEGES, a constitutional agency,

Defendants,

and

WILLIAM J. KERMIS, Ph.D., in his
individual capacity,

Defendant-Appellant.

No. 02-6300
(D.C. No. 00-CV-2073-M)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **HARTZ** , **BALDOCK** , and **McCONNELL** , Circuit Judges.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Terence M. Garrett, a former tenure-track assistant professor at Southwestern Oklahoma State University (SWOSU) and president of the SWOSU chapter of the American Association of University Professors, brought suit under 42 U.S.C. § 1983 against several SWOSU administrators in their individual capacities, alleging that they terminated his employment in retaliation for his exercise of rights of free speech and association guaranteed by the Fourteenth Amendment. He also asserted a state-law claim of wrongful discharge against the State of Oklahoma, *ex rel*. the Board of Regents for Oklahoma Colleges.

A jury returned verdicts against William J. Kermis, the SWOSU vice-president of academic affairs, and the Board of Regents, SWOSU's governing body. The jury also returned a verdict in favor of defendant Joe Anna Hibler, the SWOSU president. The district court later granted the Board's motion for judgment as a matter of law.

Dr. Kermis is the sole appellant. He argues that the district court committed legal error in failing to grant his motion for judgment as a matter of

law or, in the alternative, a new trial. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the judgment of the district court.

## I. BACKGROUND

Plaintiff began teaching in the SWOSU social sciences department under a one-year contract for the 1995-96 academic year. Effective August 1997, he was appointed to a tenure-track position. In September 1999 he expressed to an administrator his concerns about classroom overcrowding and other fire and safety hazards. By e-mail, he then reported the alleged hazards to the state fire marshal, copying department members, the department chair, and the dean of the school of arts and sciences. The e-mail evoked disapproval from several administrators.

Also in the autumn of 1999, Plaintiff applied for tenure. His application was approved by a vote of the social science department faculty and the interim department chair. Ultimately, however, Plaintiff was not only denied tenure but was denied renewal of his position, effective in the 2000-01 academic year. The nonrenewal decision began with a recommendation Dr. Kermis made to President Hibler, who then made a recommendation of nonrenewal to the Board. The Board approved the recommendation.

This lawsuit followed. At the conclusion of a five-day trial, the jury returned a verdict finding the Board liable in the amount of $34,959 and Dr. Kermis liable in the amount of $53,063.

Subsequently, the district court determined that the Board was immune from suit and therefore vacated the judgment against the Board and dismissed the claim against it. The court, however, denied Dr. Kermis's motion for judgment under Fed. R. Civ. P. 50(b) or for a new trial under Fed. R. Civ. P. 59. Dr. Kermis appeals the denial of this motion.

## II.    DISCUSSION

This court reviews de novo the denial of a motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(b), applying the same legal standard that the district court should have applied. *See Tyler v. RE/MAX Mountain States, Inc* ., 232 F.3d 808, 812 (10th Cir. 2000). A Rule 50(b) motion is evaluated by examining all the evidence admitted at trial, construing that evidence and the inferences from it in the light most favorable to the non-moving party, and refraining from making credibility determinations or weighing the evidence. *See id* . "Judgment as a matter of law is appropriate 'only if the evidence points but one way and is susceptible to no reasonable inferences which may support the opposing party's position.'" *Id.* (quoting *Finley v. United States* , 82 F.3d 966, 968 (10th Cir. 1996). As for denial of a motion for a new trial, the

trial court's decision will stand absent a showing of "a manifest abuse of discretion." *Blanke v. Alexander*, 152 F.3d 1224, 1235 (10th Cir. 1998).

We find no basis for granting Dr. Kermis judgment as a matter of law, nor do we find any abuse of discretion by the district court in denying his motion for a new trial. We proceed to examine Dr. Kermis's arguments that (1) the erroneous inclusion in the trial of the state-law claim against the Board prevented him from receiving a fair trial; (2) there is insufficient evidence that Dr. Kermis caused the wrongful termination; and (3) the jury should have been instructed on the requirement of personal participation in a § 1983 violation.

There appear to be two components to Dr. Kermis's complaint about inclusion at trial of the claim against the Board. First, he contends that the admission of evidence relevant to the claim against the Board affected the jury's analysis of the case against the individual defendants. But this contention is unsupported because Dr. Kermis fails to point to any specific evidence not relevant to the claim against him and admitted at trial only as relevant to the later-dismissed claim against the Board.

Second, Dr. Kermis appears to claim that the very presence of the Board as a defendant caused him prejudice. He argues that "[t]he jury was misled (by [the Board's] presence in the trial) into thinking that [the Board] was liable not only for Plaintiff's 'wrongful termination' but somehow, was liable for the violation of

Plaintiff's free speech as well." Aplt. Br. at 10-11. As support for this argument, he claims that the jury's written questions demonstrate its confusion. He asserts that "the jury wanted to be able to punish [the Board] and felt that it needed to find either Hibler or Kermis or both liable as well." Aplt.'s Br. at 10. We reject this argument as speculative. It is not at all clear to us that the jury questions communicate a desire to punish the Board. Moreover, if the jury had found Dr. Kermis liable only because of a desire to hold the Board liable, it would not have imposed higher damages on Dr. Kermis than on the Board. Perhaps the district court would have been well-advised to attempt to answer the jury's questions, but as far as the briefs on appeal indicate, Dr. Kermis made no objection to the district court's response to the questions and hence cannot complain on appeal about the adequacy of the response.

Next, Dr. Kermis claims that there is insufficient evidence that he personally played a substantial or motivating role in the Board's termination decision. He asserts that President Hibler's independent investigation broke the line of causation between his own motives and the Board's decision not to renew Plaintiff's contract.

Dr. Kermis, however, has failed to provide this court with an adequate record to decide the issue. As this court's rules make clear, sufficiency challenges ordinarily require submission of the entire trial transcript for our

review. *See* 10th Cir. R. 10.1(A)(1) ("The appellant must provide all portions of the transcript necessary to give the court a complete and accurate record of the proceedings related to the issues on appeal."); *id.*, 10.1(A)(1)(a) ("When sufficiency of the evidence is raised, the entire relevant trial transcript must be provided."). An appellant's "failure to submit the entire trial transcript provides a separate basis for rejecting [a] sufficiency of the evidence argument." *Dilley v. SuperValu, Inc* ., 296 F.3d 958, 963 n.2 (10th Cir. 2002); *see also Roberts v. Roadway Express, Inc* ., 149 F.3d 1098, 1104-05 (10th Cir. 1998) (rejecting sufficiency-of-the-evidence claim when appellant submitted only excerpts of trial transcript).

Here, Dr. Kermis included no trial testimony in his appendix on appeal. Although Plaintiff has filed a supplemental appendix which includes a few excerpts, we do not have a complete record of the trial, and Dr. Kermis's briefs refer to only a handful of pages of testimony. Without a complete transcript of the relevant testimony—in particular, all testimony relevant to whether President Hibler made the nonrenewal recommendation totally independently of Dr. Kermis's input—we cannot properly assess Dr. Kermis's sufficiency-of-the-evidence argument. In any event, our review of excerpts in Plaintiff's appendix shows that the jury could have been skeptical that President Hibler's decision was based solely on her own investigation.

-7-

Perhaps Dr. Kermis's failure to provide an adequate record results from his misunderstanding of the sufficiency-of-the-evidence standard. A heading in his brief states: "The evidence is sufficient to show that an independent investigation was conducted." Reply Br. at 5 (capitalization omitted). But when reviewing a sufficiency-of-the-evidence claim, the issue is whether the verdict is supportable, not whether a contrary verdict could also be sustained. We limit our review "'to determining whether the record--viewed in the light most favorable to the prevailing party--contains substantial evidence *to support* the jury's decision.'" *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1226 (10th Cir. 2000) (quoting *Comcoa, Inc. v. NEC Tel., Inc.*, 931 F.2d 655, 663 (10th Cir. 1991)) (emphasis added).

Additionally, contrary to his contention on appeal, Dr. Kermis may be liable for the wrongful termination of Plaintiff's employment just by getting the process underway. "[D]irect participation is not necessary. . . . The requisite causal connection is satisfied if the defendant set in motion a series of events that the defendant knew or reasonably should have known would cause others to deprive the plaintiff of her constitutional rights." *Snell v. Tunnell*, 920 F.2d 673, 700 (10th Cir. 1990). In sum, Dr. Kermis has raised no valid argument concerning the sufficiency of the evidence on the element of causation.

Finally, in a related argument Dr. Kermis claims reversible error in the refusal of the district court to grant his request for an instruction stating that a defendant is not liable under § 1983 unless the defendant personally participated in the alleged misconduct. He loses here, however, for failure to preserve the issue below. Rule 51 of the Federal Rules of Civil Procedure provides that "[n]o party may assign as error the giving or the failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection." "'[T]he purpose of the objection is to give the court an opportunity to correct any mistake before the jury enters deliberations . . . [. Therefore,] an excessively vague or general objection to the propriety of a given instruction is insufficient to preserve the issue for appeal.'" *Davoll v. Webb,* 194 F.3d 1116, 1140 (10th Cir. 1999) (quoting *Medlock v. Ortho Biotech, Inc* ., 164 F.3d 545, 553 (10th Cir. 1999))

Dr. Kermis's reply brief argues that he made a timely objection to the omission of a personal-participation instruction. But he points to no objection to the district court's refusal to grant his proffered instruction. Rather, he relies on his objections to Instructions 5 and 6, which, in essence, relate to the Board's role as a principal that acts through its agents. These objections addressed a different point from the one raised on appeal. Thus, Rule 51 bars our consideration of Dr. Kermis's jury-instruction argument.

The judgment of the district court is AFFIRMED.

Entered for the Court

Harris L Hartz
Circuit Judge