# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 6, 2021

Lyle W. Cayce
Clerk

No. 20-10433

United States of America,

*Plaintiff—Appellee*,

*versus*

Charles I. Williams, DDS, *as Executor of* Mary C. Williams,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CV-2262

Before Wiener, Elrod, and Higginson, *Circuit Judges*.
Stephen A. Higginson, *Circuit Judge*:*

Taxpayer Charles I. Williams owned and operated several dentistry practices. Yet he allegedly did not pay taxes withheld from his employees' paychecks to the Internal Revenue Service, and the United States filed suit. Granting the government's summary judgment motion, the district court allowed the declaration of Williams's bookkeeper, struck the declarations of

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-10433

his treating physicians, and denied his motion to alter or amend the judgment. Central to this appeal is whether Williams "willfully" failed to pay these taxes, which would allow the government to hold him personally liable for the taxes owed. *See* 26 U.S.C. § 6672(a). For the reasons articulated herein, we AFFIRM the district court and find that Williams acted "willfully" in his failure to pay the withheld taxes.

I.

Dr. Charles I. Williams became a licensed dentist in 1967, and he owned various dentistry practices over the course of his career. During the years at issue in this case, 2012 to 2014, Williams was the president and sole owner and officer of Williams Dental Associates North, P.C. ("WDA North") and Williams Dental Associates South, P.C. ("WDA South"). Williams also owned and operated Williams Business Management, Inc. ("WBM"), which handled WDA North's and WDA South's business affairs.

In 2012, Williams faced a "cash flow crisis." He reduced his salary, refinanced his home, and brought WDA North and WDA South into Chapter 11 bankruptcy proceedings. He also left unpaid a portion of the payroll taxes owed by WDA North, WDA South, and WBM between 2012 and 2014. During this time, Williams signed Internal Revenue Service ("IRS") forms reflecting that he owed outstanding payroll taxes and indicating that in some quarters his businesses did not turn over any payroll taxes.

During these years in which his dental practices faced financial difficulty, Williams was also experiencing extreme personal hardship. Between 2008 and 2011, Williams underwent heart and back surgery; lost his son, sister, and brother-in-law; and sought treatment for an opioid use disorder. He continued to experience serious medical issues, cared for his ailing wife, and supported his late son's family through 2014.

Yet Williams continued to practice dentistry and stayed involved in business affairs. He saw patients in 2012, 2013, and 2014. He initiated and participated in bankruptcy proceedings for WDA North and WDA South in 2013. That same year, he also negotiated the sale of a document storage business he had founded the previous decade.

The United States sued Williams, his late wife's estate, and several other defendants in federal court to collect unpaid taxes.[1] Williams does not dispute that the dental practices owe the unpaid payroll taxes. But he opposed the government's motion for summary judgment on the ground that he could not be held personally liable for the unpaid payroll taxes because he did not willfully violate the tax laws. The district court found otherwise. First, it denied Williams's motion to strike the declaration of his former bookkeeper, who testified that Williams knew that he owed the government payroll taxes but directed her to pay other bills instead. The court then granted the government's motion to strike declarations from two doctors who opined that Williams was in a "mental fog" and therefore incapable of willfully spurning his tax obligations. Finally, the district court granted summary judgment, concluding that Williams acted willfully in failing to turn payroll taxes over to the IRS. The court ordered that proceeds from the sale of Williams's property would be applied to his personal income tax and payroll tax liability. Williams appeals these orders as well as his unsuccessful motion to amend the judgment under Federal Rule of Civil Procedure 59(e).

---

[1] The United States sought recovery of payroll taxes Williams owed between 2012 and 2014, as well as personal income taxes Williams and his late wife owed in 2010, 2013, and 2014. Williams did not contest his income tax liability.

No. 20-10433

## II.

We review a district court's evidentiary rulings for abuse of discretion and its grant of summary judgment de novo. *Munoz v. Orr*, 200 F.3d 291, 300 (5th Cir. 2000). Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Conway v. United States*, 647 F.3d 228, 232 (5th Cir. 2011). The standard of review for a district court's dismissal for lack of subject matter jurisdiction is de novo. *Griener v. United States*, 900 F.3d 700, 703 (5th Cir. 2018). A district court's denial of a Rule 59(e) motion to amend a judgment is reviewed for abuse of discretion. *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997).

## III.

The Internal Revenue Code requires employers to withhold taxes from their employees' wages. *See* 26 U.S.C. §§ 3102(a), 3402(a). Employers hold the withheld taxes "in trust" for the United States until they are remitted, usually on a quarterly basis. *See id.* § 7501(a). "When a corporate employer fails to pay over the trust funds, § 6672(a) of the Code imposes a penalty equal to the entire amount of the unpaid taxes on 'any person' required to collect, account for, or pay over the withheld taxes, who 'willfully' fails to do so." *Barnett v. I.R.S.*, 988 F.2d 1449, 1453 (5th Cir. 1993) (quoting 26 U.S.C. § 6672(a)). Personal liability for the penalty attaches if the person is a "responsible person" who "willfully" failed to pay over the withheld taxes. *Slodov v. United States*, 436 U.S. 238, 245–46 (1978); *Barnett*, 988 F.2d at 1453. Once a penalty under § 6672 is assessed and the taxpayer is found to be a responsible person, "the burden of proving lack of willfulness is on the taxpayer." *Mazo v. United States*, 591 F.2d 1151, 1155 (5th Cir. 1979). Williams does not dispute his status as a responsible person, but contests only whether his failure to remit taxes was willful.

"Willfulness under § 6672 requires only a voluntary, conscious, and intentional act, not a bad motive or evil intent." *Barnett*, 988 F.2d at 1457. "A considered decision not to fulfill one's obligation to pay the taxes owed, evidenced by payments made to other creditors in the knowledge that the taxes are due, is all that is required to establish willfulness." *Id.* (quoting *Howard v. United States*, 711 F.2d 729, 736 (5th Cir. 1983)).

Although the willfulness "determination is usually factual," "evidence that the responsible person had knowledge of payments to other creditors after he was aware of the failure to pay withholding tax is sufficient for summary judgment on the question of willfulness."[2] *Mazo*, 591 F.2d at 1157. In other words, "[w]here there is undisputed evidence that the responsible person directed payments to other creditors while knowing of the tax deficiency, willfulness is established as a matter of law." *Conway*, 647 F.3d at 234 (citing *Barnett*, 988 F.2d at 1457).

The district court granted summary judgment after determining that uncontroverted evidence established willfulness as a matter of law. In reaching this conclusion, the district court denied Williams's motion to strike the declaration of his former bookkeeper Brenda Beauchamp and granted the government's motion to exclude declarations by two of Williams's doctors. Williams challenges both rulings on appeal.

In her declaration, Beauchamp claimed that Williams knew of his unpaid payroll taxes but directed her to pay other bills instead. The district

---

[2] Other circuits agree. *See, e.g.*, *Johnson v. United States*, 734 F.3d 352, 364–65 (4th Cir. 2013); *cf. Jefferson v. United States*, 546 F.3d 477, 480–82 (7th Cir. 2008). While the Tenth Circuit expressed concern that courts have "impermissibly encroached upon the role of the jury as fact-finder by utilizing broad factual paradigms to impose liability as a matter of law" under § 6672, it nonetheless left most of its § 6672 jurisprudence intact and carved out only a limited reasonable cause exception. *Finley v. United States*, 123 F.3d 1342, 1347–48 (10th Cir. 1997) (en banc).

court properly concluded that Williams did not articulate any valid basis for excluding this testimony. For the most part, Williams generally asserted that the Beauchamp declaration contained hearsay and unsupported lay testimony. But "[e]videntiary objections must be specific." *United States v. Avants*, 367 F.3d 433, 445 (5th Cir. 2004); *see also Tucker v. SAS Inst., Inc.*, 462 F. Supp. 2d 715, 722 (N.D. Tex. 2006) ("Federal Rule of Evidence 103(a)(1) requires an objecting party to make specific objections detailing the specific evidence the party wishes to have stricken and stating the specific grounds upon which each piece of evidence should be stricken."). Williams's one particularized objection to Beauchamp's declaration—that she testified about activity by Williams beyond her personal knowledge—is likewise unfounded. Williams evidently interprets Beauchamp's testimony as describing events that she could not have observed firsthand because they took place after she left Williams's employment. But that is not the only, or even the most natural, reading of her declaration. The challenged testimony more likely refers to events that occurred while Beauchamp still worked for Williams. The district court therefore did not abuse its discretion in declining to strike Beauchamp's declaration.

The district court did exclude declarations by two of Williams's doctors, Dr. Maese and Dr. Nace, because Williams had not filed expert reports for them under Federal Rule of Civil Procedure 26. Although a party's treating physicians typically do not need to disclose a written expert report before testifying, some courts have held that this exception does not apply to "opinions that the treating physician arrives at after treatment, for the purposes of litigation." *LaShip, LLC v. Hayward Baker, Inc.*, 296 F.R.D. 475, 480 (E.D. La. 2013); *accord Meyers v. Nat'l R.R. Passenger Corp.*, 619 F.3d 729, 735 (7th Cir. 2010). We need not decide this question, which remains unsettled in this circuit. As discussed below, even considering the

declarations of Dr. Maese and Dr. Nace, Williams has not put forward evidence disputing that he acted willfully as a matter of law.

The district court correctly concluded that Williams acted willfully as a matter of law because the United States put forth uncontroverted evidence that Williams directed payments to other creditors despite knowing that he owed unpaid payroll taxes. The government established that Williams knew of his outstanding payroll tax obligations through Williams's deposition statements that he recalled having payroll tax issues in 2012, 2013, and 2014 and IRS forms bearing his signature that reported a balance due on withheld payroll taxes. The record also shows that, although Williams was aware that he owed payroll taxes, he drew a salary, paid employees and vendors, and directed the payment of rent and other bills instead of his IRS debt. By "paying private creditors in preference to the government" while he "actually knew the taxes were unpaid," Williams acted willfully as a matter of law. *See Mazo*, 591 F.2d at 1156.

Williams nonetheless argues that he did not act willfully for two reasons. First, he contends that he was incapable of acting willfully because he was "not in his right mind" during the years in question. Williams points to the declarations of his two doctors, who both opined that Williams did not act willfully in failing to pay payroll taxes under § 6672. To substantiate this assertion, Dr. Maese stated that from 2010 to 2014, medical issues "incapacitated" Williams, who was "in a 'mental fog' rendering him incapable of maintaining his medical license" and running his dental practices. Dr. Nace echoed Williams's own conclusion that he was "too distraught" to carry on his businesses. Williams also cites the deposition testimony of his longtime administrative assistant Kathleen Bryant, who stated that Williams "wasn't there" mentally in 2010, and his accountant John Parma, who acknowledged that no one "in their right mind" would overreport income on their tax return to the extent Williams had done.

None of this testimony creates a genuine issue of material fact as to willfulness under § 6672. Williams does not refute the government's evidence that he was aware of his outstanding payroll tax obligations or that his payments to other creditors instead of the IRS were "voluntary, conscious, and intentional act[s]." *Barnett*, 988 F.2d at 1457. The excluded declarations indicate that Williams experienced personal and professional hardships around the time he failed to pay his taxes. Yet at the same time Williams supposedly lacked the mental capacity to act willfully, he saw dental patients, initiated bankruptcy proceedings, and sold a company. Neither the declarations nor the depositions therefore defeat a finding of willfulness as a matter of law. *See Cappetta v. United States*, No. 04-C-4583, 2006 WL 51163, at *5 (N.D. Ill. Jan. 9, 2006) (finding defendant willful as a matter of law despite defendant's "serious health problems" because he had "not presented evidence that his illness was so incapacitating that it prevented him from issuing checks").

Second, Williams claims that he is not to blame for the failure to pay taxes because he had turned over his businesses' tax duties to Beauchamp and Parma. But the fact that he "delegated the jobs of withholding and paying employees' taxes and generally paying creditors is beside [the] point." *Barnett*, 988 F.2d at 1455. Williams remained responsible for the collection and payment of payroll taxes under § 6672—a finding he did not contest in front of the district court. In the face of the government's evidence that Williams knew of the unpaid payroll taxes yet decided to pay private creditors instead of the IRS, he cannot overcome summary judgment on the question of willfulness.

## IV.

Williams's remaining arguments on appeal lack merit. First, he contends that the IRS should have applied seized social security payments to

his personal income tax liability instead of the unpaid payroll taxes. Williams first asserted this argument as a counterclaim against the Government through his amended answer at the district court. The district court dismissed Williams's counterclaim on the ground that it lacked subject matter jurisdiction to adjudicate it.[3]

The district court's dismissal of Williams's counterclaim was proper. A taxpayer must first file an administrative claim for a refund with the IRS. 26 U.S.C. § 7422(a). Williams does not assert that he filed an administrative claim for a refund or otherwise attempted to contest the IRS's application of certain social security payments to Williams's trust fund recovery penalties.

Williams's appeal of his Rule 59(e) motion to amend the judgment fares no better. In that motion, he objected to the distribution of the proceeds of property sold to satisfy his tax obligations. He argued that half of the money generated from the sale must be returned to his late wife's estate because she retained a community property interest in those proceeds and was not liable for Williams's unpaid taxes. "A motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence.'" *Marseilles Homeowners Condo. Ass'n Inc. v. Fid. Nat'l Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008) (per curiam) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Because "Rule 59(e) 'motions cannot be used to raise arguments that could, and should, have been made before the judgment issued,'" *id.* (quoting *Simon*, 891 F.2d at 1159), the district court did not

---

[3] The district court also acknowledged but did not exercise its power to sua sponte strike Williams's counterclaim pursuant to Federal Rule of Civil Procedure 15 for failure to seek leave of court to file an amended answer.

No. 20-10433

abuse its discretion in determining that Williams failed to meet this standard, *see Fair Grounds Corp.*, 123 F.3d at 339.

## V.

For the foregoing reasons, we AFFIRM the district court and find that Williams acted "willfully" in his failure to pay withheld payroll taxes, and he is thus personally liable for the trust fund recovery penalties under § 6672(a).