**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**Filed 12/30/96**

**TENTH CIRCUIT**

WILLIAM F. SCHLICHER,

     Plaintiff-Appellant,

v.                                 No. 95-3042

(NFN) PETERS, I & I, et al.,

     Defendants, Appellees.


GARY LEE MCCOLPIN,

     Plaintiff-Appellant,

                                   No. 95-3066

v.

JOAN FINNEY, et al.,

     Defendants-Appellees.


STANLEY D. ROARK,

     Plaintiff-Appellant,                 No. 95-3119

v.

JOAN FINNEY, Governor, et al.,

     Defendants-Appellees.

SIDNEY J. CLARK, JR.,

      Plaintiff-Appellant,

v.

JOAN FINNEY, Governor, et al.,

      Defendants-Appellees.

No. 95-3202

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**
**(D.C. No. 92-3230-DES, No.  91-3342-DES, No. 93-3251-DES, No. 93-3150-DES)**

---

Bryan Whitehead, Legal Intern, Julie Kunce Field, Supervising Attorney, Washburn Law Clinic, Washburn University School of Law, Topeka, Kansas (Kristen Weisenfels, Legal Intern, and Michael Kaye, Supervising Attorney, with them on the brief.)

John R. Dowell, Assistant Attorney General, Topeka, Kansas (Carla J. Stovall, Attorney General, Kevin D. Case and Lawrence J. Logback, Assistant Attorneys General, with him on the briefs)

---

Before **BALDOCK**, Circuit Judge, **McWILLIAMS,** Senior Circuit Judge  and **RONEY**,[*] Senior Circuit Judge.

---

**McWILLIAMS,** Senior Circuit Judge.

---

[*]Honorable Paul H. Roney, Senior Circuit Judge, United States Court of Appeals for the Eleventh Circuit, sitting by designation.

In 1991, the Legislature for the State of Kansas enacted into law Kansas Statutes Annotated (K.S.A.) 1991 Supp. 21-2511, which provides, generally, for the collection of blood and saliva specimens from certain convicted felons for use by the Kansas Bureau of Investigation in preparing "genetic marker groupings," primarily deoxyribonucleic acid (DNA) analysis, to detect and deter the commission of crimes by recidivists.[1] Specifically, K.S.A. 21-2511 provides, in part, as follows:

> **21-2511.  Collection of specimens of blood and saliva from certain persons; Kansas bureau of investigation, powers and duties.** (a) Any person convicted of an unlawful sexual act as defined in subsection (4) of K.S.A. 21-3501 and amendments thereto or an attempt of such unlawful sexual act or convicted of a violation of K.S.A. 21-3401 [murder in the first degree], 21-3402 [murder in the second degree], 21-3602 [incest], 21-3603 [aggravated incest] or 21-3609 [abuse of a child] and amendments thereto, regardless of the sentence imposed, shall be required to submit specimens of blood and saliva to the Kansas bureau of investigation in accordance with the provisions of this act, if such person is:
>
>     (1) Convicted of a crime specified in subsection (a) on or after the effective date of this act;
>
>     (2) ordered institutionalized as a result of being convicted of a crime specified in subsection (a) on or after the effective date of this act; or
>
>     (3) convicted of a crime specified in this subsection before the effective date of this act and is presently confined as a result of such conviction in any state correctional facility

---

[1]As concerns DNA analysis, it would appear that no two people in the world have the same DNA markings, except identical twins.  Blood, skin tissue, hair follicles and semen may be analyzed for a particular person's DNA.  *Jones v. Murray*, 962 F.2d 302, 303-304 (4th Cir.), *cert. denied*, 506 U.S. 977 (1992).

or county jail or is presently serving an authorized disposition under K.S.A. 21-4603, and amendments thereto.

In 1992, Susan Diane Vanderlinden and James Taylor, both state prisoners, brought suit in the United States District Court for the District of Kansas against various Kansas officials, alleging that rights guaranteed them by the United States Constitution were being violated by the defendants operating under the color of state law. 42 U.S.C. § 1983. Vanderlinden and Taylor were both represented by counsel.

In 1991, Gary Lee McColpin, a state prisoner, brought a *pro se* suit in the United States District Court for the District of Kansas, alleging that rights guaranteed him by the United States Constitution were being violated by defendants acting under the color of state law. 42 U.S.C. § 1983. And, in 1992, Robert Hutchcraft and William F. Schlicher, state prisoners, brought a *pro se* action in the United States District Court for the District of Kansas, alleging that their rights under the United States Constitution were being violated by the defendants' actions under the color of state law. 42 U.S.C. § 1983.

By order of the district court, these three actions were consolidated. On January 24, 1995, the district court heard oral argument on the constitutionality of K.S.A. 21-2511. On that same date, the district court entered a Memorandum and Order upholding the constitutionality of K.S.A. 21-2511 and denying the plaintiffs' request for declaratory or injunctive relief. *Vanderlinden, et al., v. State of Kansas, et al.*, 874 F.Supp. 1210 (D. Kan. 1995). Schlicher appeals the adverse ruling of the district court. *Schlicher v. (NFN)*

*Peters, I & I, et al.,* No. 95-3042.  McColpin also appeals.  *McColpin v. Finney,* No. 95-3066.  Vanderlinden, Taylor and Hutchcraft have not appealed.

In 1992, Stanley D. Roark, a state prisoner, filed a similar action, *pro se,* in the United States District Court for the District of Kansas, and Roark's request for declaratory or injunctive relief from K.S.A. 21-2511 was denied by an unpublished order entered on March 31, 1995.  That order was based on the district court's published Memorandum and Order of January 24, 1995, in the Schlicher and McColpin cases.  Roark appeals the order denying him relief from K.S.A. 21-1522.  *Roark v. Finney,* No. 95-3119.

In 1993, Sidney J. Clark, a state prisoner, filed a similar action, *pro se*, in the United States District Court for the District of Kansas, and his request for declaratory or injunctive relief from K.S.A. 21-2511 was denied by an unpublished order entered on April 13, 1995.  That order was also based on the district court's published Memorandum and Order of January 24, 1995, in the Schlicher and McColpin cases.  Clark appeals the order denying him relief from K.S.A. 21-2511.  *Clark v. Finney,* No. 95-3202.

By order of this court, the appeals of Schlicher, McColpin, Roark and Clark were consolidated for procedural purposes only.  All four appellants filed *pro se* briefs in this court, to which the appellees filed an answer brief.  On December 11, 1995, this court, on its own motion, appointed counsel to represent all four appellants, stating, *inter alia,* that "[t]hese matters present complex and significant legal issues of wide importance" and that

"[t]he interests of justice require that counsel be assigned to assist the litigants who would otherwise be compelled to proceed *pro se*." Appointed counsel thereafter filed a brief for all four appellants, to which the appellees have filed an answer brief, which, *inter alia*, incorporated, by reference, their answer briefs to the appellants' pro se briefs. The case was orally argued before us on September 10, 1996. We affirm.

In their brief, counsel for the appellants frame the issue presented on appeal as follows:

> The District Court erred in holding that searches and seizures, pursuant to K.S.A. 21-2511, requiring the forced, suspicionless collection, analysis and storage of blood and saliva samples for DNA testing, did not violate the plaintiffs' fourth amendment right to freedom from unreasonable bodily intrusion and invasion of privacy.

It is agreed that the collection, analysis and storage of blood and saliva as authorized by K.S.A. 21-2511 is a search and seizure within the meaning of the Fourth Amendment. *See Skinner v. Railway Labor Executives' Assoc.*, 489 U.S. 602 (1989)(holding blood tests, breath tests, and the taking of urine "must be deemed searches under the Fourth Amendment"); *Schmerber v. California,* 384 U.S. 757, 767 (1966) (holding blood testing for alcohol content a search); *Henry v. Ryan,* 775 F.Supp. 247, 253 (N.D. Ill. 1991)(holding saliva tests, like blood tests, are a Fourth Amendment search). The Fourth Amendment prohibits "unreasonable searches and seizures," and, accordingly, the precise question to be answered by us is whether the searches and seizures authorized

by K.S.A. 21-2511, as such effects the four appellants, are unreasonable. The district court concluded that such were not unreasonable. We agree.

A very recent opinion of this court, filed subsequent to oral argument, sheds much light on the present controversy. *Boling v. Romer, Governor,* ___F.3d___ (10th Cir. filed Dec. 2, 1996). In *Boling*, we affirmed a district court's order granting summary judgment against a plaintiff who had challenged the constitutionality of Colorado Revised Statute § 17-2-201(5)(g) , which required inmates convicted of an offense involving a sexual assault to provide the state with DNA samples of their blood and saliva before they are released on parole.[2] The plaintiff in *Boling* argued that the Colorado statute violated the Fourth Amendment prohibition against unreasonable searches and seizures. We rejected that argument, citing with approval, *Rise v. State of Oregon*, 59 F.3d 1556 (9th Cir. 1995), *cert. denied*, 116 S.Ct. 1554 (1996) and *Jones v. Murray,* 962 F.2d 302 (4th Cir.), *cert. denied*, 506 U.S. 977 (1992)[3]. In accord with the reasoning in both *Rise* and *Jones*, we

[2]K.S.A. 21-2511(c) provides as follows:
(c) Any person required by paragraph (a)(3) to provide specimens of blood and saliva shall be required to provide such samples prior to final discharge, parole, or release at a collection site designated by the Kansas bureau of investigation.

[3]In *Rise*, the Ninth Circuit, with Judge D. W. Nelson dissenting, held that an Oregon statute requiring felons convicted of murder or specific sexual offenses to submit a blood sample for a DNA data bank was rationally related to the public's interest in preventing recidivism and did not violate Fourth Amendment rights. In *Jones,* the Fourth Circuit, with Judge Murnaghan dissenting, held that a Virginia statute which directs its Department of Corrections to take and store blood of convicted felons for subsequent deoxyribonucleic acid (DNA) analysis did not violate the Fourth Amendment as applied by the Fourteenth Amendment to the Commonwealth of Virginia.

held in *Boling* that the search and seizure authorized by the Colorado statute is "a reasonable search and seizure." We see no need to reiterate here that which was well said in *Boling*.

In sum, *Boling* dictates affirmance of the district court's judgment.

Judgment affirmed.