**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 14 1998**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

## UNITED STATES COURT OF APPEALS
## TENH CIRCUIT

---

DOUGLAS CHARLES SHAFFER,

     Plaintiff-Appellant,

v.

JAMES SAFFLE, Acting Director of
the Oklahoma Department of
Corrections; BOBBY BOONE,
Warden of the Mack Alford
Correctional Center; MARCUS
POGUE Medical Services
Administrator of the Mack Alford
Correctional Center; WILLIS VIEUX,
Chief of Security of the Mack Alford
Correctional Center,

    Defendants-Appellees,

No. 97-7107

---

Appeal from the United States District Court
for the Eastern District of Oklahoma
(D.C. No. 96-CV-610-P)

---

**Submitted on the Briefs:**

Douglas Charles Shaffer, Pro Se.

W.A. Drew Edmondson, Attorney General of Oklahoma, and Tracy Folsom
Milner, Assistant Attorney General, for Defendants-Appellees.

Before **SEYMOUR**, Chief Judge, **BRORBY** and **BRISCOE**, Circuit Judges.

**SEYMOUR**, Chief Judge.

Douglas C. Shaffer, a pro se state prisoner, brought this action under 42 U.S.C. § 1983 asserting that requiring him to provide a DNA sample pursuant to Oklahoma law violates his constitutional rights. Specifically, Mr. Shaffer alleges that the operation of the state statutes denies him his rights under the First, Fourth, and Fifth Amendments, and under the Ex Post Facto Clause. The case was referred to a magistrate judge, who dismissed it for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). Mr. Shaffer appeals and we affirm.[1]

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Dismissal for failure to state a claim is proper only when it is clear beyond doubt that the complaint, viewed most favorably to the plaintiff, cannot be read to state a valid claim. *Id.* at 1109-10.

---

[1]After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.

The Oklahoma statutes at issue establish a DNA Offender Database in which DNA samples from individuals convicted of specified offenses are collected and maintained for the purpose of identifying and prosecuting perpetrators of "sex-related crimes, violent crimes, or other crimes in which biological evidence is recovered." Okla. Stat. tit 74, § 150.27a(A) (1996). Mr. Shaffer was convicted of second degree murder in violation of Okla. Stat. tit. 21, § 701.8, which is an enumerated offense to which the DNA Database provisions apply. Prisoners like Mr. Shaffer, who were convicted of an enumerated offense and are in custody after July 1, 1996, must provide a sample prior to release. *See* Okla. Stat. tit. 22, § 991a(I) (1997).

Mr. Shaffer argues that requiring him to comply with the statutes violates his rights under the Fourth and Fifth Amendments. This court recently upheld similar state statutes against challenges both under the Fourth Amendment, *see Schlicher v. (NFN) Peters, I & II*, 103 F.3d 940 (10th Cir. 1996); *Boling v. Romer*, 101 F.3d 1336, 1340 (10th Cir. 1996), and under the Fifth Amendment, *see id.* In rejecting the Fourth Amendment challenge, we held that while obtaining DNA samples implicates Fourth Amendment concerns, it is reasonable in light of an inmate's diminished privacy rights, the minimal intrusion involved, and the legitimate government interest in using DNA to investigate and prosecute crimes. *See Schlicher,* 103 F.3d at 942-43; *Boling*, 101 F.3d at 1340. We

rejected the Fifth Amendment self-incrimination claim because DNA samples are not testimonial in nature. *Id.* We see no meaningful basis upon which to distinguish those cases and we accordingly reject Mr. Shaffer's argument based on these Amendments.

Mr. Shaffer also contends that application of the statutes to him violated his rights under the Free Exercise Clause of the First Amendment because it forced him to submit to a practice that will require him to deny his faith and condemn him to eternal damnation.[2] He argues that the state has not shown a substantial interest in implementing the statute sufficient to outweigh his religious rights, and that he is entitled to an exception from the statute's application. "[T]he Supreme Court [has] held that a law that is religion-neutral and generally applicable does not violate the Free Exercise Clause even if it incidentally affects religious practice." *Thiry v. Carlson*, 78 F.3d 1491, 1496 (10th Cir. 1996) (citing *Employment Div., Dep't of Human Resources v. Smith*, 494 U.S. 872, 878-79 (1990)). In so doing, the Court concluded that such laws may be enforced even absent a compelling governmental interest. *See Smith*, 494 U.S. at 882-885. In addition, the Court pointed out that the only decisions barring application of a

---

[2] Mr. Shaffer has complied with the statute and provided a DNA sample. He seeks injunctive relief requesting that the sample be destroyed, as well as damages for the pain and suffering incurred when he was physically forced to comply and for the mental suffering incurred when he was forced to violate his religious tenets.

neutral, generally applicable law under the First Amendment have been cases involving "the Free Exercise Clause in conjunction with other constitutional protections," *id.* at 881, a situation not present here. Mr. Shaffer does not contend the statute here is not neutral or generally applicable, nor has he alleged the statute was applied to him differently because of his religious beliefs. Accordingly, Mr. Shaffer has failed to state a claim for denial of his First Amendment rights. *See Thiry*, 78 F.3d at 1496.[3]

Mr. Shaffer argues in addition that applying the statute to him violates the Ex Post Facto Clause because the law became effective after he was convicted. Other circuits have upheld similar statutes against the same challenge, holding that because such statutes have a legitimate, non-penal legislative purpose, they do not run afoul of the Ex Post Facto Clause under these circumstances. *See Rise v. State of Oregon*, 59 F.3d 1556, 1562 (9th Cir. 1995); *Gilbert v. Peters*, 55 F.3d 237, 238-39 (7th Cir. 1995). We agree. We also reject Mr. Shaffer's argument that the statute is not to be applied retroactively under *Landgraf v. USI Film Prods.*, 511 U.S. 244 (1994). In that case, the Court addressed a situation in which the legislature had not stated its intent with respect to the retroactive

---

[3] Mr. Shaffer also brought a claim under the Religious Freedom Restoration Act. As the court below pointed out, the Supreme Court recently held that the Act's restrictions on state and local government actions affecting religion are unconstitutional, *see City of Boerne v. Flores*, 117 S. Ct. 2157 (1997), and Mr. Shaffer's claim under that statute is therefore precluded.

application of the provisions at issue. *See id.* at 255-63. Here, to the contrary, the statute governing the establishment of the DNA database directs that DNA samples are to be taken in accordance with Okla. Stat. tit. 22, § 991a, *see* Okla. Stat. tit. 74, § 150.27a(D) (1997), which in turn requires samples from anyone in custody after July 1, 1996, who was convicted of a specified offense, *see* Okla. Stat. tit. 22, § 991a(I) (1997). The legislature has thus expressed its intent that the statute apply to prisoners like Mr. Shaffer, and the Ex Post Facto Clause is not implicated by that application.

The order dismissing this action is **AFFIRMED**.