**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 29 1998**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

## UNITED STATES COURT OF APPEALS
## TENTH CIRCUIT

---

RONALD S. HOWELL,

      Plaintiff/Third Party-Defendant,

v.

UNITED STATES OF AMERICA,

      Defendant/Third Party-
      Plaintiff/Appellant,

v.

EDWARD B. ROGERS,

      Third Party-Defendant/Appellee.

No. 97-4014

---

Appeal from the United States District Court
for the District of Utah
(D.C. No. 93-CV-952)

---

Marion E.M. Erickson, Attorney (Richard Farber, Attorney, Tax Division, Department of Justice, Washington, D.C.; and Scott M. Matheson, Jr., United States Attorney, Salt Lake City, Utah, Of Counsel, with him on the briefs), Tax Division, Department of Justice, Washington, D.C., for Defendant/Third Party-Plaintiff/Appellant.

Joseph Jay Bullock (Karen Bullock Kreeck with him on the brief) of Bullock Law Firm, Salt Lake City, Utah, for Third Party-Defendant/Appellee.

---

Before **SEYMOUR**, Chief Judge, **EBEL** and **KELLY**, Circuit Judges.

_____

**SEYMOUR**, Chief Judge.

_____

The Government appeals the district court's grant of judgment as a matter of law in favor of Edward B. Rogers. The court's ruling was based on its conclusion that the assessment of a penalty under I.R.C. § 6672 against Mr. Rogers for willful failure to pay over trust fund taxes was invalid because the Government had not provided Mr. Rogers with information as required by I.R.C. § 6203 and 26 C.F.R. § 301.6203-1. The Government also contends that Mr. Rogers' failure to pay the funds over was willful as a matter of law. We reverse the court's ruling that the assessment was invalid. We further conclude that a fact issue exists on whether Mr. Rogers' conduct was willful. We reverse and remand for further proceedings.

**I**

Mr. Rogers was the president and a director of Utah Title & Abstract Company from 1968 until he resigned from his various positions about March 1, 1988. He was also a fifty percent shareholder during 1988, the year at issue. Ronald S. Howell was an employee, director, and corporate secretary of Utah Title in 1988, and Alfred J. Newman was an employee, director, fifty percent shareholder, and corporate counsel. Utah Title failed to make payments to the

Internal Revenue Service (IRS), as required by I.R.C. § 3102(b), of the income and FICA taxes withheld in 1988 from employees' wages for the pay periods ending January 15, February 1, and February 15.  On February 13, 1988, insurance underwriters for whom Utah Title acted as agent seized control of the company and took over its day-to-day business activities.  Following this seizure, the banks with which Utah Title had general and trust accounts froze the accounts.  The company filed for bankruptcy on February 29, 1988.

The IRS assessed a penalty in the amount of $58,560 under section 6672 against Mr. Howell in November 1988 and against Mr. Rogers in December 1988 in connection with the unpaid taxes for the first quarter of 1988, alleging that both men were responsible persons who had willfully failed to pay over the funds within the meaning of the statute.  Mr. Howell thereafter paid $4311 toward the assessment and filed this refund action on October 26, 1993, against the Government.  The Government counterclaimed against Mr. Howell for the outstanding amount of the assessment, and filed a claim against Mr. Rogers as well.

After the evidence had been presented at trial, the district court denied Mr. Rogers' motion to hold the assessment invalid as a matter of law, and granted the Government's motion to hold Mr. Rogers a responsible party as a matter of law. The case went to the jury, which returned a verdict in favor of Mr. Howell but

was unable to reach a verdict as to Mr. Rogers' liability. The judge declared a mistrial and Mr. Rogers renewed his earlier motion for judgment as a matter of law on the validity of the assessment. The court granted the motion, ruling that the assessment was invalid because the IRS had failed to comply with the regulation requiring it to provide information upon request. The Government contends on appeal that the assessment was valid and that Mr. Rogers was willful as a matter of law.

## II

We turn first to the issue of the validity of the assessment. The statute declares:

> The assessment shall be made by recording the liability of the taxpayer in the office of the Secretary in accordance with rules or regulations prescribed by the Secretary. Upon request of the taxpayer, the Secretary shall furnish the taxpayer a copy of the record of the assessment.

I.R.C. § 6203. The pertinent regulation provides in part:

> The assessment shall be made by an assessment officer signing the summary record of assessment. The summary record, through supporting records, shall provide identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment. . . . The date of the assessment is the date the summary record is signed by an assessment officer. If the taxpayer requests a copy of the record of assessment, he shall be furnished a copy of the pertinent parts of the assessment which set forth the name of the taxpayer, the date of assessment, the character of the liability assessed, the taxable period, if applicable, and the amounts assessed.

26 C.F.R. § 301.6203-1 (1997).

The regulation thus provides that the records supporting the assessment must identify the taxpayer, the character of the tax liability, the taxable period, and the amount of the assessment. The taxpayer, upon requesting a copy of the record of assessment, must be provided the above four items of information as well as the date of the assessment.

The circumstances before us are unusual. The district court held that although documents presented at trial satisfied the requirements for supporting records, the items furnished by the IRS to the taxpayer post-assessment but pre-trial pursuant to his request had not provided information on the character of the liability assessed or the taxable period as required by the regulation. The court held that the assessment was therefore invalid, in effect ruling that the regulatory obligation imposed on the IRS to provide information upon request was a necessary part of the assessment itself.[1] We disagree.

The district court correctly recognized that when the Government pursues a

---

[1] Mr. Rogers also argues that the assessment was invalid because the supporting documents were allegedly prepared and dated several years after the assessment date. He argues that supporting documents must be prepared contemporaneously with or in relation to the assessment, citing *Jones v. United States*, 60 F.3d 584, 589-90 (9th Cir. 1995). We have reviewed the record supplied on appeal and can find no indication that Mr. Rogers presented this argument to the district court. We decline to consider it for the first time on appeal. *See Gowan v. United States Dep't of the Air Force*, 148 F.3d 1182, 1192 (10th Cir. 1998).

claim for unpaid taxes in court, as opposed to pursuing the claim administratively, the Government need not comply with the notice and hearing requirements of I.R.C. § 6303(a) before obtaining a judgment for tax liabilities. *See Marvel v. United States*, 719 F.2d 1507, 1513-14 (10th Cir. 1983); *see also United States v. Chila*, 871 F.2d 1015, 1018 (11th Cir.1989) (citing cases). This is so, the court pointed out, because the lawsuit itself provides that information to the taxpayer. We see no reason for the district court's conclusion that although the need for satisfying the notice and demand requirements is obviated by the pursuit of a judicial proceeding, the need for prior provision of the information at issue here is not similarly obviated.[2]

We also agree with the IRS that the validity of an assessment cannot rest on whether or when the taxpayer invokes his right to request the information set out in section 301.6203-1. As the IRS points out, no section of the Internal Revenue Code or the regulations imposes a sanction for the IRS's failure to comply with this provision, and we are not willing to construe it in a manner that would invalidate by implication an otherwise valid assessment. Mr. Rogers cites no

_____

[2] Mr. Rogers does not argue to this court that he did not in fact have the substantive information the court ruled was not supplied by the Government. Indeed, the proceedings before and during trial indicate quite clearly that Mr. Rogers in fact possessed and knew that information. Rather, he argues, and the district court agreed, that the form in which the IRS purported to provide the information to him was in code not decipherable by the ordinary layman.

cases supporting his assertion that a valid assessment is made invalid by the failure to provide a requesting taxpayer the supporting information.[3] We hold that any failure by the IRS to comply with its duty to provide the information set out in section 301.6203-1 did not render the assessment in this case invalid. We reverse the district court's ruling to the contrary.[4]

We turn to the Government's argument that Mr. Rogers' failure to pay over the trust funds was willful as a matter of law. Subsequent to the trial in this case, we addressed en banc the issue of willfulness under section 6672. *See Finley v. United States*, 123 F.3d 1342 (10th Cir. 1997) (en banc). We stated that although

> we agree with the notions that "willful" conduct under § 6672 is not the same as "willful" conduct in the criminal context, and that certain facts are irrelevant to the determination of whether a responsible person willfully failed to pay withholding taxes[,] we are troubled by the possibility the courts have transformed 26 U.S.C. § 6672 into a strict liability statute, outside the jury's realm, by (1) broadly defining the most likely fact scenarios leading to a failure to pay withholding taxes as "willful" conduct as a matter of law, and (2) closing the door on any opportunity for a responsible person to

---

[3] In holding the assessment invalid on this ground, the district court relied on *Stallard v. United States*, 12 F.3d 489 (5th Cir. 1994) (per curiam). That case is distinguishable in critical respects. There the taxpayer was not assessed at all with respect to the taxable period for which he was liable before the statute of limitation expired. *Id.* at 495. In determining whether the taxpayer was assessed for the proper period, the court examined the supporting record and simply did not address the question at issue here.

[4] We have held, moreover, that the IRS may bring a judicial tax collection action even if an invalid assessment prevents it from attempting to collect taxes in an administrative proceeding. *See Goldston v. United States*, 104 F.3d 1198, 1200 (10th Cir. 1997).

distinguish his case from those factual scenarios.

*Id.* at 1346. Accordingly, we held that

> the better way to protect government revenue and preserve a role for the jury in this case and others without undermining existing precedent is to continue to apply the established paradigms to identify willful conduct as a matter of law, yet expressly recognize a reasonable cause exception to the application of those paradigms.

*Id.* at 1348. We further held that this exception should be narrowly construed, and "limited to those circumstances where (1) the taxpayer has made reasonable efforts to protect the trust funds, but (2) those efforts have been frustrated by circumstances outside the taxpayer's control." *Id.*

The Government contends the exception recognized in *Finley* does not require a remand in this case because Mr. Rogers voluntarily made a decision to prefer other creditors rather than pay over the trust funds. These undisputed facts, however, fit one of the paradigms that *Finley* held is subject to the reasonable cause exception. The Government's position, in effect, simply reads the exception out of existence.

The Government also argues that Mr. Rogers failed to show circumstances beyond his control which prevented him from fulfilling his statutory obligation to pay the funds over. Again we disagree. As we stated in *Finley*, we can rule on the availability of the exception as a matter of law "only if [the taxpayer] was fully heard on the issue of willfulness and, construing the evidence and inferences

-8-

in [the taxpayer's] favor, we can find no legally sufficient evidentiary basis for a reasonable jury to find his conduct was not willful." *Id*. at 1349.

Here, as in *Finley*, Mr. Rogers should be given the opportunity to present evidence to a jury and receive a determination on whether he made reasonable efforts to protect the trust funds, and whether his efforts were frustrated by events beyond his control. Mr. Rogers presented evidence at his first trial showing that his actions with regard to the taxable periods at issue were in keeping with his past practice and the result of the nature of the company's business. The company maintained trust accounts as part of its escrow business through which over one million dollars passed every working day. Mr. Rogers would leave about a quarter of a million dollars in the accounts as a cushion to prevent their closure for lack of funds or bank charges. It was from this cushion that Mr. Rogers had caught up the taxes in the past. The IRS had previously cooperated with this past practice. In our view, this evidence creates a fact issue on whether Mr. Rogers' efforts to protect the trust funds were reasonable. Mr. Rogers also presented evidence that he was not able to complete his usual practice and pay the taxes as he had done previously due to the improper and unauthorized actions of the underwriters in seizing control of the company and the accounts and directing the payment of funds in a manner contrary to his past practice. This evidence creates a fact issue on whether Mr. Rogers' efforts were frustrated by

circumstances beyond his control.  We therefore reject the Government's argument that Mr. Rogers was willful as a matter of law.

The judgment of the district court is **REVERSED** and the case is **REMANDED** for further proceedings.