**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 26 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JOHN CALON,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

      Defendant-Appellee.

No. 98-3190
(D.C. No. 97-CV-2600-GTV)
(D. Kan.)

**ORDER AND JUDGMENT** *

Before **BALDOCK** , **BARRETT** , and **HENRY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff, appearing pro se, appeals the district court's dismissal of this action for lack of jurisdiction. Reviewing the district court's decision de novo, see Ordinance 59 Ass'n v. United States Dep't of Interior Secretary, 163 F.3d 1150, 1152 (10th Cir. 1998), and liberally construing plaintiff's pleadings, see, e.g., Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam), we affirm in part, reverse in part and remand for further proceedings.

Plaintiff challenges the administrative law judge's denial of his application for disability benefits and supplemental security income. Because plaintiff failed to exhaust his administrative remedies, see Bowen v. City of New York, 476 U.S. 467, 472, 482 (1986), we do not have jurisdiction to consider the merits of this claim. See Mathews v. Eldridge, 424 U.S. 319, 327 (1976). The circumstances of this case do not suggest exhaustion should be waived. See generally Bowen, 476 U.S. at 482-83 (discussing factors that may excuse claimant's failure to exhaust administrative remedies).

Plaintiff also seeks Social Security funds to pay for his euthanasia and burial. Because he failed to allege that he presented this specific claim to the Social Security Administration (SSA), we lack jurisdiction to consider it. See Eldridge, 424 U.S. at 326-28. Even if he did assert this claim to the SSA, his failure to exhaust his administrative remedies would also foreclose our review of this claim.

-2-

In addition to these claims for Social Security benefits, however, plaintiff also asserts several causes of action independent from the administrative entitlement proceedings. Although the district court did not specifically address these causes of action, we will still affirm their dismissal, but only if

> it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend. In determining whether dismissal is proper, we must accept the allegations of the complaint as true and we must construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff. Further, we must liberally construe the allegations of a pro se complaint. See Haines v. Kerner, 404 U.S. [at] 520-21.

Perkins v. Kansas Dep't of Corrections, 165 F.3d 803, 806 (10th Cir. 1999) (further citations omitted).

Plaintiff alleges that the SSA refused to provide him with his records. Under the Freedom of Information Act (FOIA), see 5 U.S.C. § 552, and the Privacy Act, see 5 U.S.C. § 552a, plaintiff may assert a cause of action to obtain SSA records, independent of any claim for entitlement of benefits. See also, e.g., 20 C.F.R. §§ 401.35, 401.130. Furthermore, liberally construing his pleadings, plaintiff's allegations that he has exhausted the applicable administrative remedies are sufficient to withstand summary dismissal with prejudice. Cf. Taylor v. United States Treasury Dep't, 127 F.3d 470, 476-78 (5th Cir. 1997) (failure to exhaust administrative remedies justified dismissing Privacy Act claim without prejudice); Taylor v. Appleton, 30 F.3d 1365, 1367-68, 1370 (11th Cir.

1994) (same holding with regard to FOIA claim). The district court, therefore, erred in summarily dismissing this claim for relief.

Plaintiff also seeks an exception from state and federal laws prohibiting assisted suicide. He does not identify, and we have not found, any such federal law. [1]

Liberally construing his pleadings, plaintiff further alleged a federal constitutional challenge to state laws prohibiting assisted suicide, apparently based upon the First Amendment's Free Exercise Clause. That allegation, however, fails to state a claim for relief. See Shaffer v. Saffle, 148 F.3d 1180, 1181-82 (10th Cir.), cert. denied, 119 S. Ct. 520 (1998) (law that is religion-neutral and generally applicable does not violate Free Exercise Clause, despite incidental effect on religious practice).

Further, the "'right' to assistance in committing suicide is not a fundamental liberty interest protected by the Due Process Clause." Washington v. Glucksberg, 521 U.S. 702, 728 (1997); see also id. (further holding Washington's ban on assisted suicide was rationally related to several legitimate state interests). Nor does a state law making it "a crime to aid another to commit or attempt

---

[1] The Assisted Suicide Funding Restriction Act of 1997, see 42 U.S.C. §§ 14401-14408 (Supp. 1998), does preclude expenditure of federal funds for assisted suicide. Because plaintiff has not established any basis for his entitlement to federal funds for this purpose, this federal statute is not implicated in this case.

-4-

suicide, but [allowing] patients [to] refuse . . . lifesaving medical treatment," violate the Equal Protection Clause. Vacco v. Quill , 521 U.S. 793, 796-97 (1997) (footnote omitted). Any other federal constitutional basis plaintiff may have attempted to plead is too vague, even with a liberal construction, to present the requisite federal question that would enable plaintiff to invoke the subject matter jurisdiction of the federal courts under 28 U.S.C. § 1331. See Martinez v. United States Olympic Comm. , 802 F.2d 1275, 1280 (10th Cir. 1986) (complaint must identify statutory or constitutional bases under which claim arises, and allege sufficient facts to show claim arises under federal law).

Plaintiff, however, may be able to amend his pleadings to allege a state law cause of action challenging state laws prohibiting assisted suicide sufficient to withstand summary dismissal. See, e.g. , Krischer v. McIver , 697 So.2d 97, 99, 100, 104 (Fla. 1997); Donaldson v. Lungren , 2 Cal. App. 4th 1614, 1618-19, 1622-24 (Cal. Ct. App. 1992). We, therefore, remand his claim challenging state laws prohibiting assisted suicide, to the extent it can be construed to allege a state law theory of recovery, for the district court to amend its dismissal to be without prejudice. See, e.g. , Clymore v. United States , 164 F.3d 569, 571 (10th Cir. 1999).

Dismissal of these possible state law grounds for relief without prejudice is proper, despite our remand of plaintiff's federal claim seeking his SSA records,

and despite 28 U.S.C. § 1367's grant of supplemental jurisdiction, which would permit the district court, in the exercise of its discretion, to consider state law claims that are sufficiently related to a pending federal claim. Plaintiff's possible state law causes of action challenging state laws prohibiting assisted suicide do not state any claim that is "so related" to his claim for his SSA records "that they form part of the same case or controversy." 28 U.S.C. § 1367(a); see also City of Chicago v. International College of Surgeons, 522 U.S. 156, 164-66, 172 (1997).

Next, plaintiff seeks a protective order "preventing the State of Missouri or anyone else for that matter from attempting to arrest or otherwise civilly confine [him] for expressing or practicing his [religious] convictions." Complaint at 4. Because he failed to allege that he "has sustained or is immediately in danger of sustaining some direct injury as a result of the challenged official conduct and the injury or threat of injury [is] both real and immediate, not conjectural or hypothetical," City of Los Angeles v. Lyons, 461 U.S. 95, 101-02 (1983) (further quotation omitted), dismissal of this claim for lack of jurisdiction was appropriate. See id. at 101-05.

For the first time on appeal, plaintiff challenges the National Organ Transplant Act, see 42 U.S.C. §§ 273-274e, which he asserts prevents him from selling his organs to pay for his euthanasia. This court will generally not address

issues raised for the first time on appeal. <u>See, e.g.</u>, <u>Howell v. United States</u>, 164 F.3d 523, 525 n.1 (10th Cir. 1998).

The judgment of the United States District Court for the District of Kansas is AFFIRMED in part, REVERSED in part and REMANDED for further proceedings consistent with this order and judgment.

Entered for the Court


Robert H. Henry
Circuit Judge