**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 10 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

FRED W. MAUNEY, JR.,

      Plaintiff - Appellant,

vs.

CBS; CAROLINE FILM CORP.;
MARTHA WILLIAMSON, Executive
Producer; MERLOT FILMS;
WESTINGHOUSE ELECTRIC
CORPORATION, Michael Jordan,
CEO; LESLIE MOONVES, President,
CBS Entertainment; DAVID
ZEMELMAN, Senior Vice President,
Corporate Human Resources CBS;
ROBERT GROS, Senior Vice
President, CBS Productions/CBS
Entertainment; DAVID M. PILL, CBS
Counsel/Assistant General Counsel;
JON ANDERSON, Producer;
MARCIE GOLD, Executive Secretary;
STEVE FISHER, Unit Production
Manager; SONDRA LATHAM,
Production Supervisor; BEN
HOOPES, Construction Coordinator;
RICK BAILEY, CBS Security
Manager; FRANK LOBOTTA, CBS
Security Officer; RAINE BOWEN,
CBS Security Officer and CBI
Security Officer; GREG VALDEZ,
CBS/CBI Security Owner; LARRY
ALEXANDER, Transportation
Coordinator; BRITIANNI
ALEXANDER, Transportation Office
Manager; DON PATTON,
Transportation Mechanic; MARIO
MORENO, Transportation and

No. 99-4117
(D.C. No. 99-CV-22)
(D. Utah)

Captain; JOE BORGENENICHT,
Transportation Driver; MICHELSON
FOOD SERVICE/CATERING; MIKE
LATELA, Chef; ATLAS ELECTRIC

Defendants - Appellees.

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.[**]

Plaintiff-Appellant Fred Mauney seeks to appeal from the dismissal of his case for failure to comply with federal pleading requirements. Mr. Mauney filed suit on his own behalf and as an "agent/representative" of God, who "is really pissed off and instructs Plaintiff to see this evil injustice through." Aplt. Amend. Complaint at 2, 8. The named defendants are all involved with creating the CBS' television show "Touched By An Angel." Mr. Mauney alleges that defendants violated seven of his constitutional rights: the freedoms of press, right to

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

assemble and religion under the First Amendment; right to be free from illegal searches and seizures under the Fourth and Fifth Amendments; due process and equal protection under the Fourteenth Amendment; and cruel and unusual punishment under the Eighth Amendment. The district court dismissed the complaint without prejudice for failure to meet the pleading requirements of Fed. R. Civ. P. 8(a). Mr. Mauney delivered a timely, but misdirected notice of appeal with the bankruptcy court on May 26, 1999.

A Rule 8(a) dismissal is reviewed for an abuse of discretion. See Kuehl v. Federal Deposit Ins. Corp., 8 F.3d 905, 908 (1st Cir. 1993); see also Jenkins v. Colorado Dept. of Social Servs., No. 98-1469, 1999 WL 542572, at **1 (10th Cir. July 27, 1999). Mr. Mauney brought this suit pro se, thus we construe his pleadings liberally using a less stringent standard than that used for pleadings drafted by lawyers. See Shaffer v. Saffle, 148 F.3d 1180, 1181 (10th Cir. 1998).

Rule 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Mr. Mauney's only claims for relief are for alleged constitutional violations. All of the defendants are private individuals and Mr. Mauney has not alleged that these actions are somehow attributable to the state. Therefore, his claims of constitutional violations are clearly frivolous against these defendants and Mr. Mauney has failed to show that he "is entitled to relief." The district court did not abuse its

-3-

discretion in dismissing the case under Rule 8(a) or under 28 U.S.C.

§ 1915(e)(2)(B)(i) & (ii); see also Nietzke v. Williams, 490 U.S. 319, 327-28

(1989) (court has authority to dismiss fantastic or delusional claims).

We DENY the motion to proceed in forma pauperis and DISMISS the

appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge