ROLAND L. BELSOME, Judge.
| TPefendant Charles Franklin filed a supervisory writ in connection with the Magistrate Commissioner’s grant of the State’s motion for a buccal swab to be taken from Mr. Franklin. For the reasons that follow, we grant the writ, reverse the order, and remand the matter for further proceedings.
FACTS AND PROCEDURAL HISTORY
The Defendant, Charles Franklin, was arrested on January 11, 2010, pursuant to an arrest warrant. The case arises out of a January 7, 2010 shooting in which three individuals were killed and one individual was wounded. In the supporting affidavit for the arrest warrant, Detective Timothy Bender affirmed that a witness informed him that he observed Mr. Franklin and Dwayne Johnson[1] changing out of their clothing and into clothing that was black. On March 15, 2010, the court conducted a preliminary examination. At the hearing, Detective Bender testified that, pursuant to a search warrant for a nearby residence, he recovered clothing similar to what Mr. Franklin was observed wearing and subsequently removing on the night of the offense.
|2On March 22, 2010, the State filed a motion to obtain a buccal swab from Mr. Franklin for DNA (deoxyribonucleic acid) analysis, and the defense filed a memorandum in opposition. After a hearing, the court granted the motion on April 5, 2010, and the defense noticed its intent to seek supervisory writs. The matter was set for oral argument in this Court on May 11, 2010.
DISCUSSION
The defense argues that the State has not established probable cause for taking a buccal swab from Mr. Franklin, because the State does not allege the existence of an unknown DNA profile with which to compare Mr. Franklin’s DNA, as the recovered clothing has yet to be tested. Additionally, the defense submits that the State improperly filed an unsworn motion rather than filing an application a search warrant for the buccal swab.
The Louisiana and Federal constitutions prohibit unreasonable searches and seizures. U.S. Constitution Amend., art. IV; La. Const, art. I, § 5. The Louisiana Supreme Court recognized in State v. Lee that “[according to the United States Fifth Circuit, ‘[i]t is undisputed that the collection of a saliva sample for DNA anal *816 ysis is a search [requiring a warrant][2] implicating the Fourth Amendment.’ ” State v. Lee, 05-2098, p. 16 (La.1/16/08), 976 So.2d 109, 128 (quoting Kohler v. Englade, 470 F.3d 1104, 1109 (5th Cir.2006)).[3] In Lee, the State filed a subpoena \ -.duces tecum for the defendant’s buccal swab rather than applying for a search warrant; consequently, the Lee Court noted that “we observe the subpoena in the present case did not include the sworn supporting affidavit [that] a search warrant is required to contain.” Lee, 05-2098, p. 20, 976 So.2d at 125 (quoting La. Const, art. I, § 5 (“No warrant shall issue without probable cause supported by oath or affirmation. ...”)).
Nevertheless, the Court held that “even assuming a subpoena duces tecum may constitute the functional equivalent of a search warrant in some circumstances, the application at a minimum must rest upon a showing of probable cause, not simply the ‘reasonable grounds’ required by [La. C.Cr.P.] art. 66.” Lee, 05-2098, p. 20, 976 So.2d at 125 (emphasis added). Accordingly, “the application must contain within its four corners the facts establishing the existence of probable cause.” Id. The Lee Court ultimately concluded that “the collection of defendant’s DNA constituted a Fourth Amendment ‘search’ that would require probable cause, a sworn supporting affidavit, and the issuance of a proper search warrant.” Lee, 05-2098, p. 30, 976 So.2d at 131 (emphasis added).[4]
Similarly, in State v. Hankton, this Court quashed the State’s search warrant for a buccal swab of the defendant, finding that the affidavit failed to demonstrate that an unidentified DNA profile had been found either at the crime scene or pursuant to the investigation. State v. Hankton, 2009-1532, unpub. (La.App. 4 Cir.) (01/05/10). This Court relied in part upon Illinois v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) and Massachusetts v. Upton, 466 U.S. 727, 733, 104 S.Ct. 2085, 80 L.Ed.2d 721 (1984), in finding that the |4State failed to demonstrate that evidence of the crime would be discovered by the buccal swab.[5] Id. We also relied upon State v. Lee, supra, and Schmerber v. California, 384 U.S. 757, 86 *817 5.Ct. 1826, 16 L.Ed.2d 908 (1966), to determine that the proper procedure for obtaining a DNA sample is through a search warrant supported by probable cause.[6] Id.
In this case, the State simply filed an unsworn motion; therefore, it is not the functional equivalent of a search warrant under these particular facts and circumstances. See State v. Lee, 05-2098, p. 80, 976 So.2d at 131. Even assuming arguen-do that the functional equivalent of a search warrant could suffice for a body-invasion search, the State’s motion in this case failed to set forth “facts establishing the existence of probable cause.” State v. Lee, 05-2098, p. 20, 976 So.2d at 125. The State has not developed a DNA profile from the seized clothing; therefore, the State has not established that the DNA to be seized from Mr. Franklin, standing alone, could “constitute evidence tending to prove the commission of an offense” pursuant to La.C.Cr.P. art. 161 A(3).[7] Accordingly, we find that, as was the case in State v. Hankton, the commissioner did not have a “substantial basis for concluding that a [buccal swab] search would uncover | .^evidence of wrongdoing.” Hankton, supra; see also Illinois v. Gates, 462 U.S. at 236, 103 S.Ct. 2317. Therefore, the court erred in finding probable cause.
Should the State develop probable cause in the future to obtain a buccal swab from Mr. Franklin, it is free to file an application for a valid search warrant. On April 27, 2010, Mr. Franklin was indicted by a Grand Jury; thus, he will remain in State custody. Furthermore, Mr. Franklin’s DNA profile will remain unchanged with the passage of time.
CONCLUSION
For the foregoing reasons, the Defendant’s writ is granted. The trial court’s order granting the State’s motion for a buccal swab of Charles Franklin is hereby reversed, and the matter is remanded for proceedings consistent with this opinion.
WRIT GRANTED; REVERSED AND REMANDED.
BONIN, J. Concurs With Additional Reasons.

. Dwayne Johnson is a co-defendant.

. The brackets with the inserted "requiring a warrant" language are in the Louisiana Supreme Court's original opinion.

. The Lee court also cited to cases in which a DNA sample had been found to constitute a search:
[S]ee also Padgett v. Donald, 401 F.3d 1273, 1277 (11th Cir.2005) ("The Commissioner does not dispute that the statutorily required extraction of saliva for DNA profiling constitutes a ‘search’ within the meaning of the [Fourth] Amendment.”); Groceman v. U.S. Dep’t of Justice, 354 F.3d 411, 413 (5th Cir.2004) ("The extraction of blood from a prisoner to collect a DNA sample implicates Fourth Amendment rights.”); Schlicher v.(NFN) Peters, I & I, 103 F.3d 940, 942-43 (10th Cir.1996) ("It is agreed that the collection, analysis and storage of blood and saliva ... is a search and seizure within the meaning of the Fourth Amendment.”); In Re Grand Jury Proceeding, 455 F.Supp.2d 1281, 1282 (D.N.M.2006) (saliva samples may not be compelled by a grand jury on the mere chance that desired evidence might be obtained).
State v. Lee, 05-2098, p. 16 (La.1/16/08), 976 So.2d 109, 123.

. The Court further noted that "[t]he State’s attempt to file a subpoena duces tecum through the use of La.Code Crim. Proc. art. 66 was a circumvention of the constitutional mandates for the issuance of a search warrant based upon probable cause.” State v. Lee, 05-2098, p. 30, 976 So.2d at 131 (emphasis added).

. In Illinois v. Gates, the Court also noted that ”[a]n affidavit must provide the magistrate with a substantial basis for determining the existence of probable cause.” Illinois v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).

. In State v. Lee, 05-2098, pp. 15-16, 976 So.2d at 122-23, the Louisiana Supreme Court cited the premise in Schmerber v. California that a search warrant based upon probable cause was necessary for a body-invasion search, such as a saliva sample:
In Schmerber v. California, 384 U.S. 757, 761-64, 86 S.Ct. 1826, 1830-32, 16 L.Ed.2d 908 (1966), the Supreme Court assumed that a search warrant resting on probable cause issued by a neutral magistrate would be required for all body-invasion searches; in that case a blood sample was used to determine blood-alcohol content. Id., 384 U.S. at 770, 86 S.Ct. at 1835 ("Search warrants are ordinarily required for dwellings and, absent an emergency, no less could be required where intrusions into the human body are concerned.”).

. La.C.Cr.P. art. 161 pertains to searches conducted in connection with a valid search warrant. As previously noted, the State did not obtain a valid search warrant in this case.