PER CURIAM.[1]
11 Granted. The ruling of the Fourth Circuit is reversed, the trial court’s order directing defendant to provide a buccal sample is reinstated, and this case is remanded for further proceedings consistent with the views expressed herein.
In this pending prosecution on three counts of first degree murder, the court of appeal has taken the position that the state may take a buccal sample from defendant for purposes of DNA testing if, and only if, it establishes that its evidence has produced an unknown DNA profile. State v. Franklin, 10-0564, p. 7 (La.App. 4th Cir.8/11/10), 46 So.3d 814, 817. Thus, although the state refined its motion by presenting a search warrant to the trial judge with a crime lab report attached indicating that the evidence, clothing taken from defendant’s residence in a prior search, contains blood and a single hair strand with follicle, which may be tested and which may yield a DNA profile, the court of appeal reversed the trial court’s ruling because “[t]he state has not yet developed a DNA profile from the seized clothing,” and, therefore, “the search warrant was not supported by probable cause.” State v. Franklin, 11-1076, p. 2 (La.App. 4th Cir.8/8/11).
|2The court of appeal erred. The collection of DNA from persons arrested and charged with a crime but not convicted is now a matter of comprehensive federal and state regulation, which authorize the taking of a DNA sample from arrestees and pre-trial detainees in the same routine manner as the taking of fingerprints and photographs, to identify the person by means of “an accurate, unique, identifying marker-in other words, as fingerprints for the twenty-first century.” United States v. Mitchell, 652 F.3d 387, 410 (3rd Cir.2011) (upholding the constitutionality of 42 U.S.C. § 14135a(a), authorizing the war-rantless collection of a DNA sample from persons who are arrested, facing charges, or convicted, and regulations by the Attorney General mandating collection of the sample, see 28 C.F.R. § 28.12(b)(2009)(“Any agency of the United States that arrests or detains individuals or supervises individuals facing charges shall collect DNA samples from individuals who are arrested, facing charges, or convicted.”) and 28 C.F.R. § 28.12(f)(2)(2009) (each agency required to collect the sample shall furnish the sample to the F.B.I. “for purposes of analysis and entry of the results of the analysis into the Combined DNA Index System.”)); see also La.R.S. 15:609(A)(1)(“A person who is arrested for a felony or other specified offense ... shall have a DNA sample drawn or taken at the same time he is fingerprinted pursuant to the booking procedure.”); La. R.S. 15:605 (establishing a state DNA data base administered by the state police to “provide DNA records to the FBI for storage and maintenance by CODIS [Combined DNA Index System].”); La.R.S. 15:612(0 (“The state police may create a separate population data base comprised of DNA samples obtained under this Chapter after all personal identification is removed.... The *425 population data base may be made available to and searched by other agencies participating in the CODIS system.”); cf. State v. O’Hagen, 189 N.J. 140, 914 A.2d 267, 280 (2007)(“We harbor no doubt that the taking of a buccal cheek swab is a very minor physical intrusion upon the person .... no more | Sintrusive than the fingerprint procedure and the taking of one’s photograph that a person must already undergo as part of the normal arrest process.”).
We thus presume that the Louisiana State Police Crime Laboratory already possesses a sample of defendant’s DNA to which its CODIS DNA section has access for testing as part of a cooperative effort between state and federal authorities to develop a comprehensive identification data base. See LAC 55:1:1725 (“This information shall be forwarded on an audit form provided by the [Department [of [CJcorrections] to the CODIS DNA Unit on a daily basis_”). To this extent, the warrant for a second buccal sample issued by the trial judge in the present case directed defendant to submit a sample he was already required by law to provide without a warrant, as to which he could no longer have any reasonable expectation of privacy with respect to his identity after a grand jury found probable cause to indict him for the crimes and a magistrate found probable cause to continue him in custody following a preliminary examination conducted on March 15, 2010. Further, even assuming that a warrant is required to take another buccal sample from defendant for purposes of testing by the Crime Lab’s Forensic DNA Section as part of the effort to solve a particular crime, and not as a routine incident of booking, because collection of the sample, although minimally intrusive, nevertheless constitutes a search, State v. Lee, 05-2098, pp. 16-17 (La.1/16/08), 976 So.2d 109, 123-24, we agree with the state that it need show only a “fair probability” the sample may yield evidence to establish the requisite probable cause, not that the search will produce evidence probative one way or another on the question of guilt. Illinois v. Gates, 462 U.S. 213, 231, 103 S.Ct. 2317, 2328, 76 L.Ed.2d 527 (1983) (“ ‘The process does not deal with hard certainties, but with probabilities.’ ”) (quoting United States v. Cortez, 449 U.S. 411, 418, 101 S.Ct. 690, 695, 66 L.Ed.2d 621 (1981)). Given probable cause that defendant participated in the charged crimes, it suffices that the state has established that its |4evidence, removed from defendant’s residence, contains recoverable biological samples that may, but not necessarily will, provide a DNA profile useful for forensic purposes.
REVERSED AND REMANDED

. Kimball, C.J., not participating.